*Sunbury,*
*Saturday,*
*June 18.*

DRUM *against* the Lessee of SIMPSON.

IN ERROR.

A trustee, who is lessor of the plaintiff in ejectment, is a good witness for the defendant to shew that the real trust is different from that declared in the conveyance.

Declarations made by the grantor to the grantee, after the execution of a deed of trust, but before the grantee had accepted it, are evidence to alter or contradict the trust.

Copy of a cancelled bond in the defendant's possession, is after notice and refusal to produce the original, good evidence of the matters contained in the condition, without first shewing how the bond came to be cancelled.

THIS was an ejectment commenced in *April* 1805, in the Common Pleas of *Northumberland*, for a house and lot in the town of *Selin's Grove*, the title to which it was agreed was at one time, in a certain *George Glass*. *Glass* made a parol sale of the premises to *Adam Speck*, who in the year 1796, made a like sale to *Charles Drum* the defendant. On the 1st *July* 1799, *Glass* by order of *Drum*, and in consideration of 20 dollars, conveyed to *Simon Snyder*, who on the 13th *November* 1804, in consideration of one dollar, conveyed to the lessor of the plaintiff in trust for *Anthony Charles Selin* and *Agnes Selin* as joint-tenants in fee.

The defence of *Drum* being that he had an equitable estate in the premises, and that the conveyance from *Glass* to *Snyder* and from *Snyder* to *Simpson* was really in trust to secure a small debt due from *Drum* to the estate of *Anthony Selin*, the plaintiff, after giving notice to the defendant to produce the original which had been seen cancelled in his hands, offered in evidence a copy of a bond dated 29th *August* 1796, from the defendant to *Frederick Antes*, in the penalty of 3000*l.*, by which the defendant, being about to marry *Catharine* the widow of *Anthony Selin*, bound himself

1814.

DRUM
v.
Lessee of
Simpson.

to convey among other things the lot in dispute, in trust for her children by the said *Anthony*.

This evidence was objected to by the defendant, and admitted by the Court, who sealed a bill of exceptions.

The defendant proved that he had expended a thousand dollars in building a house on the premises; and that in a suit between the heirs of *Selin* and himself, decided after this suit was brought, an award for 175*l.* had been made in his favour. He then offered to prove by the oath of *Jeremiah Simpson*, the lessor of the plaintiff, who was in Court willing to be examined, that the deed of the 13th *November* 1804, from *Simon Snyder* to him, " was drawn, and signed " by the said *Simon*, without the knowledge or consent of " the said *Jeremiah;* that he had no knowledge of the same, " or of the trust therein contained, until the said *Simon Sny-* "*der* brought the same deed to him the said *Jeremiah* to be " recorded in *September* 1805, he being at that time recor- " der of *Northumberland* county; that a conversation then " and there was held between the said *Simon* and the said " *Jeremiah*, wherein the said *Simon* declared that the deed " aforesaid was not intended to injure *Charles Drum*, but " rather to serve him, and that the property described in said " deed was the property of said *Drum*, subject to a certain " small sum due to the estate of *Anthony Selin*." He further offered to prove, by the same witness, " that this ejectment " was brought without his knowledge, and that he never " would have consented to let his name be used, for any " other purpose than to enforce the payment of the sum so " claimed."

This evidence was also objected to, and refused by the Court, who sealed a second bill of exceptions.

*Hall* for the plaintiff in error.

The bond from *Drum* to *Antes* was first of all seen *cancelled* in possession of the obligor; from which the presumption was, that it had been cancelled by consent of all the parties interested, and therefore not legal evidence. It would have been essential to show how cancelled, before the original if produced would have been evidence; and that proof should therefore have preceded the offer of the copy. The Court erred in admitting it.

1814.

DRUM
v.
Lessee of
SIMPSON.

*Simpson's* evidence was clearly admissible. Parol evidence is always admitted to defeat fraud or explain a trust. *Thyn* v. *Thyn* (a). In this Court it has been resorted to, to shew that a person who obtained a deed, did it under a promise to make a settlement, and the party claiming under the settlement as it ought to have been made, recovered. *Thompson* v. *White* (b). There was no objection therefore from the evidence being parol. Nor was there from the character of the witness. A trustee is considered in equity as having no interest, and is examined every day. *Fotherby* v. *Tate* (c), *Armeter* v. *Swanton* (d), *Man* v. *Ward*, (e). So it must be in our courts. He has been received as a witness to prove misrepresentations made to him, in consequence of which he executed a deed, and the deed was set aside. *Scroggs* v. *Scroggs* (f). He may therefore be permitted to prove representations made to him in consequence of which he accepted the trust, and permitted the ejectment to proceed in his name. The declarations of *Simon Snyder* were good evidence, because there being no trust declared in *Glass's* deed to *Snyder*, nor any evidence what that trust was, *Selin's* heirs would be bound by *Snyder's* declarations before *Simpson* had accepted the deed.

*Duncan* contra.

The bond duly executed was evidence to shew an interest in *Selin's* children, and therefore was proper to rebut the equity alleged by the plaintiff, and to set up one in the *cestuy que trusts* in the deed to *Snyder*. How it came to be cancelled was to be shewn by him who had it cancelled in his possession. If he would give no evidence to the point, the jury would have inferred that he cancelled it himself.

The declarations of *Simon Snyder* were inadmissible for two reasons, first because they were made nearly a year after execution of the deed, and went to contradict the trust declared in that instrument. Secondly, because no act or declaration of a trustee can affect the principal. *Henry's Lessee* v. *Morgan*, (g). If any thing he could say would have

| | | |
|---|---|---|
| (a) 1 *Vern.* 296. | (d) *Ambl.* 393. | (f) *Ambl.* 272. |
| (b) 1 *Dall.* 426. | (e) 2 *Atk.* 228. | (g) 2 *Binn.* 497. |
| (c) 3 *Atk.* 604. | | |

been competent evidence, he should have been sworn as a witness.

TILGHMAN C. J. After stating the facts, delivered his opinion as follows.

The first point for our consideration is, whether the copy of the bond offered by the plaintiff was evidence. If the original bond would have been evidence, the copy was so, because the original was traced to the hands of the defendant who had notice to produce it. It is said indeed that the original would not have been evidence, because it was cancelled; but that is no reason why it should not go in evidence, because it might be a question how it came to be cancelled. Possibly Drum got hold of it, and cancelled it without authority; and if so, it would have the same force as if uncancelled. This was a matter for the consideration of the jury. Although the legal title of the property in dispute was in the lessor of the plaintiff, yet both the children of Selin and the defendant Drum, thought it necessary to go into the equity of the case, and both claimed an equitable interest in the premises. It was therefore material to shew that Drum had agreed to secure this lot to Mrs. Selin's children by her first husband. On this point I can see no difficulty. The Court of Common Pleas were clearly right in their opinion.

The next exception was founded on evidence offered by the defendants and rejected by the Court.

The circumstance of Simpson's being a trustee and lessor of the plaintiff, was not sufficient for the rejection of his testimony. It is said by lord Hardwicke in Fotherby v. Tate, 3 Atk. 604, that a trustee, though he has the legal estate, is considered as having no interest, and is examined by order of the Court of Chancery every day. We have acted uniformly on this principle in our courts of law. The name of the trustee is used by the cestui que trust, who is liable for the costs of suit, and is in fact the only person interested.

But other objections are made to Simpson's testimony. It is said that a writing is not to be destroyed or altered by parol testimony, and that the declarations of Snyder, made after he had executed the deed, ought not to be received. If these declarations had been made after the deed had taken

1814.

DRUM
*v.*
Lessee of
SIMPSON.

complete effect, I think they would not have been evidence. But this is a very special case. At the time that *Snyder* is supposed to have made the declarations to *Simpson*, no consent had been given by *Simpson* to accept the trust, and it does not appear that without these declarations he would have consented to accept it. The deed therefore was not complete. A man cannot be compelled to accept a trust against his will. This conversation therefore between *Snyder* and *Simpson*, is substantially the same as if it had happened just before the execution of the deed; and it has been long settled in this Court, that parol evidence may be received to prove what passed before and at the time of the execution of the deed, if the party offering the evidence alleges fraud or mistake in the transaction. I refer particularly to the case of *Thomson* v. *White*, and the authorities there cited, 4 *Dall.* 426. In another point of view likewise the evidence was·admissible. The deed from *George Glass* to *Simon Snyder* is a conveyance of the legal estate, in consideration of twenty dollars, without mention of any trust; neither does it appear by any positive evidence, that there was a secret trust attending this deed. Then the heirs of *Selin* claiming under *Snyder*, would be affected by his declarations made before his conveyance to *Simpson*. But for the reasons I have given, *Snyder's* declarations are to be considered as having been made before the execution of the deed. They are therefore evidence. The case of *Scroggs* v. *Scroggs*, *Ambler* 272, bears a strong resemblance to the present. Power was given to *Scroggs* to make an appointment in favour of such of his children as he pleased, with the consent of two trustees. He prevailed on the survivor of these trustees to join in a deed, making an appointment in favour of his youngest child, through false suggestions, injurious to the character of the eldest. The trustee was admitted as a witness to give parol evidence of this misrepresentation, and the appointment was set aside. Now the evidence offered by the defendant, tended to the proof of a misrepresentation, in consequence of which *Simpson* was induced to accept the trust. It appears to me therefore that it ought to have been received. Upon the whole I am of opinion, that the decision of the Court of Common Pleas was right on the first exception, but wrong on the second. The

judgment must therefore be reversed, and a *venire facias de novo* awarded.

YEATES J. was sick during the argument, and gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment reversed.