HIRAM J. THOMAS vs. JAMES R. BURRUS, Probate Court, &c.

W. was appointed guardian of V. H. by the probate court, and T. became surety on his bond, but at the time of the appointment N. H. had, before W.'s appointment, taken out letters of guardianship for V. H. which were unrevoked. *Held*, under such circumstances, that the appointment of W. was void. *Vick's Heirs* v. *City of Vicksburg*, 1 How. 379, cited and confirmed.

It is a settled principle, that where a power given to appoint to office has been exercised, any subsequent appointment must be void, unless the prior incumbent has been removed, and the office become vacant.

The appointment of W. as guardian of V. H. by the court being a nullity, he had no power to execute a bond, or exercise any act of guardianship over the ward or her property. *Held*, that T. was not liable as surety in a suit brought against him on W.'s bond.

This court will, in all cases where they can do so, hold guardians and their sureties to a strict performance of their trusts ; but, at the same time, they must so administer the law as not to impose obligations or duties upon parties where none have been assumed according to law.

IN error from the circuit court of Yazoo county ; Hon. R. C. Perry, judge.

The opinion of the court and the briefs of counsel contain a sufficient statement of the case.

*R. S. Holt*, for appellant.

Prior to 1834, William Hope, of Yazoo county, died intestate, owning personal and real property, and leaving as heirs and distributees of his estate, his widow, Narcissa M. Hope, and his three infant children, Virginia C. Hope, Martha E. Hope, and Margaret A. T. Hope.

This suit was instituted in the Yazoo circuit court against Hiram J. Thomas and Oscar Hope, as sureties of one John H. Walker, in a bond alleged to have been executed by him as guardian of Virginia C. Hope, and dated on the 27th December, 1836. The suit was dismissed as to Oscar Hope, and prosecuted to judgment against Thomas alone, who has brought the cause, by a writ of error, into this court.

The proofs offered, showing that Walker was never guardian of the plaintiff; upon what principle could he have maintained an action on the bond ?   The obligors could successfully have contested his right, either to the bond or its proceeds.   Mrs. Hope could have done more if necessary.   She could have insisted that the sale was void, and that she was entitled to contest its validity and resist payment of the bond, though she still had the property in her possession, because she continued to be the guardian of the plaintiff and the other minors, to whom the property belonged, and as such was entitled and bound to retain it in her possession.

1. A recital in a bond, to work an estoppel, must be express and direct, and not merely deducible by implication.   In the bond under consideration, the appointment of Walker is not in terms recited.   It merely stipulates that he shall as guardian discharge his duty.

2. A recital to estop a party must be of some pre-existing fact, and not of one occurring contemporaneously with the execution of the instrument, or to transpire afterwards.

In this case there could in law have been no complete appointment of the guardian, until at the time of, or after, the execution of the bond.   The appointment was composed of several acts of the court, all of which were essential to its completion, and one of which at least, *i. e.* the approval of the bond, could not be performed until after its execution.

3. Every estoppel must be mutual or reciprocal in its operation ; that is, mutually obligatory on both parties to the instrument.   2 John. R. 382 ; 3 Rand. 563 ; 9 Yerg. 462, 470.

4. In this case, if the appointment of the guardian was void, there can be no question that either the probate judge or the plaintiff had a right to insist on its being so, notwithstanding

the bond. There was, therefore, no reciprocity of obligation between the parties to the bond, and could be no estoppel.

5. Every estoppel by deed or bond presupposes that there is a deed or bond, and not only that there is an instrument of writing to which that name is given, but an instrument executed by the signers thereof for such a purpose and under such circumstances, as render it valid in law. If it is in law invalid and inoperative, it is in legal contemplation neither a deed nor a bond. Hence, a party against whom an estoppel by deed or bond is urged, is always permitted to prove in answer to the estoppel, any fact showing that the instrument is void. 1 Swift's Dig. 622; 2 Term R. 84; *Wallace* v. *Miner*, 6 Ham. R. 366; 1 A. K. Marsh. 493; 5 Mass. R. 286.

And the party may show that the instrument is from any cause void, under the general plea of *non est factum*. 1 Chit. Pl. 519; 2 Maule & Sel. 349; 1 Story's R. 135.

6. The fifth and sixth pleas assert substantially, that the bond was executed in consideration of the alleged, intended, or supposed appointment of Walker as guardian of the plaintiff. Such in truth is the consideration for every such bond; it never has any other. The demurrer in this case admits that such was the consideration of the bond. The pleas also allege the total failure of that consideration.

Every executory contract, whether sealed or unsealed, must be founded on a consideration deemed valuable in law, or it is not obligatory. A guardian's bond constitutes no exception to the rule, nor need the consideration be of a pecuniary character. It may consist of any of the numberless acts, omissions or things which the law deems sufficient, onerous to one party or beneficial to the other. The language of the statute is general, and embraces equally bonds not founded on a pecuniary consideration with those which are. On the trial below, it was successfully insisted that the statute was confined to the latter class of bonds. In adopting this view of the question, and sustaining the demurrer, it is believed the court erred.

On these various grounds the reversal of the judgment of the circuit court is asked.

Thomas *v.* Burrus.

*N. G. & S. E. Nye,* for appellant.

There is a plea of *non est factum* in the record, and proof presented, showing that at the time the letters were granted to Walker, there was another guardian in existence, whose letters have never yet been revoked; this is a strange inconsistency, to say the least of it; two guardians of the person and estate of the same ward, one or the other must be void; the grant of letters is not merely erroneous, but there is an absolute want of authority in the probate court to act in the matter until the former letters are revoked. A grant of administration upon the estate of a living man is not merely erroneous, but is void, for want of authority in the probate court; we hence argue that Walker's appointment was void, the bond was void, and all his acts were those of a trespasser.

In the case of *Scott* v. *Searls,* 6 S. & M. 250, we find this doctrine, " The court had no power to appoint an *administrator ad colligendum* in this case, because there was an administrator in chief." In *Vick* v. *City of Vicksburg,* 1 How. 479, it is said; " Where the probate court was empowered by the statute to appoint an administrator with the will annexed, only when the executor refused to account or had become insane, the appointment of such administrator during the lifetime of the executor, when neither contingency contemplated by the statute had happened, would be absolutely void, and all his acts be illegal and those of a trespasser. Same case cited and approved in *Doss* v. *Armstrong,* 6 How. 238.

In 6 Yerg. 463, it is said, " But the plaintiff had no right to sue. Mrs. Britt had been appointed guardian of the wards, and there appeared no order showing that she had been removed. In conferring the appointment upon her, the court exhausted its power, and could not confer any right to act as guardian, upon the plaintiff, until the removal of the former guardian, then and not before the right to act upon this subject should be resumed." In 6 Yerg. 167, it is stated as follows: " The grant of *administration de bonis non,* when all the administrators are not dead, and all have not surrendered their trust, is void." In *Griffith* v. *Frazier,* 8 Cranch, 9, the chief justice says, " So long as a qualified execu-

tor is capable of exercising the authority with which he has been invested by the testator, the authority cannot be conferred, either with or without limitation, by the court of ordinary upon any other person. And if during such capacity of the executor, the ordinary grant administration, either absolute or temporary, to another person, that grant is absolutely void." We also refer to Toller's Exec's, 120; *Ford v. Torris,* cited by Marshall, C. J., 3 Cond. R. S., U. S. 11; Wentworth, 105; *Porter & Basdin's case,* 1 Modern R. 112, and cases cited.

*W. R. Miles,* for appellee.

The record presents but three questions for consideration, viz:

1. The doctrine of estoppel.
2. The liability of the defendant for money received by John H. Walker, his principal; and
3. The liability of the defendant for the bonds, bills, notes, &c., received by John H. Walker, his principal.

Upon the third point it is sufficient to remark that although apparently, it is not really a matter of dispute. The 6th, 7th and 8th instructions asked for by the defendant, and granted by the court, precluded the plaintiff from recovering any thing for notes, bonds, bills, &c., not collected by Walker; and a verdict and judgment was only obtained for one third of the money collected by Walker on the Burrus note. If, therefore, the court committed any error during the trial, or gave any instruction for the plaintiff on this point contrary to law, (which I do not believe,) they were cured by the defendant's instruction and the verdict of the jury, who only found for money really collected. The fourth breach is therefore abandoned.

Can the defendant, who is only collaterally interested, do that which the law forbids them from doing? All matters of defence going to avoid a contract are personal, and when abandoned by the party cannot be recalled and made by another. 5 Leigh's R. 65, 478; 5 Johns. Ch. R. 555.

All the proof offered by the defendant, for the purpose of showing that the sale of the land was void, was therefore properly ruled out.

The first point is easily determined.

Ought the fifth and sixth pleas to have been declared bad on demurrer, and the proof offered in support of the plea of *non est factum* ruled out?

A party to a deed is estopped to deny any thing contained in it. Co. Litt. 352.

So a party may be estopped by matter of writing which is not of record; as if a condition in a bond recites that there are divers suits in B. R., the obligor is estopped to say there are no suits therein. 4 Com. Dig., Tit. Estoppel, (A. 2.)

The bond sued on, recites, " That if the above bound John H. Walker, as guardian to Virginia Caroline Hope, of Yazoo county, shall faithfully account with the probate court of said county, as directed by law for the management of the property and estate of the orphan under his care, &c. &c.

The fifth and sixth pleas deny that John H. Walker was the guardian of Virginia Caroline Hope. This we have seen the defendant is estopped to do upon general principles.

But it has been expressly decided, that " An obligor sued on a bond reciting a certain consideration is estopped from pleading, that the consideration was different, unless he can make it appear that the real transaction was fraudulent or unlawful." 22 Eng. C. Law Rep. 135; 2 Barn. & Adolp. 554. And such plea was bad upon demurrer.

. The court therefore properly sustained the demurrer to the fifth and sixth pleas, and ruled out the testimony in support of the plea of *non est factum.*

It will be observed that the judgment in this case was only taken for one third of the money collected. There being three distributees, two other suits are awaiting in the court below, the judgment to be rendered here in this.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error was sued as the surety of John H. Walker, upon an alleged bond given by Walker as guardian of Virginia C. Hope. The instrument bears date on the 27th day of December, 1836, and is in the usual form of guardian bonds under the statute. Among other pleas, the defendant

pleaded *non est factum*, intending thereby to question the validity of the instrument, upon the ground that the order of the probate court appointing Walker guardian, was an absolute nullity; that Walker, by virtue of that order, had no power or authority to act as guardian; and, therefore, that the defendant was not liable for any non-performance by Walker of the duties of a guardian.   On the trial, the defendant below offered to read in evidence the copy of an order of the probate court of Yazoo county, made at the February term, 1835, appointing Narcissa Hope guardian of Virginia C. Hope, approving her bond, &c.   Also, an order of the same court, made at the January term, 1837, revoking these letters of guardianship; and also an order of the same court, made at the December term, 1836, appointing Walker guardian of the minor, and approving his bond, &c.   He also, at the same time, offered to prove by the clerk, and to show by the records, that the above were the only orders or decrees in said court, appointing Walker guardian, or in any way revoking or annulling the order of appointment of Narcissa Hope.   The court, on motion, rejected this evidence, to which an exception was taken.

It will be seen from this statement of the evidence rejected by the court below, that at the time John H. Walker was appointed guardian, and the instrument sued on made by the defendant, that Narcissa Hope was then the rightful guardian of the ward, by virtue of a valid, unrevoked order of appointment.   This being the case, had the probate court any power to make another appointment?   We think not.   The act appointing Narcissa Hope guardian at the February term, 1835, exhausted the whole power of the probate court in the premises.   While that appointment remained, and until the removal of Mrs. Hope in the manner prescribed by law, she had the sole and entire right to control, regulate, and manage the estate of the minor; and the order appointing Walker, under such circumstances, was *coram non judice*, and void. In accordance with this view, was the opinion of the court in the case of *Vicks' Heirs* v. *The City of Vicksburg*, where the court held that the appointment of an administrator, with the

will annexed, during the lifetime of the executor, except upon the contingencies named in the statute, was without authority and void; and that all the acts of such administrator would be absolutely illegal and void, and those of a trespasser. 1 How. R. 479. The supreme court of the United States, in the case of *Griffith* v. *Frazier*, 8 Cranch, 9, held the like rule. In Tennessee, in the case of *Bledsoe* v. *Britt*, 6 Yerg. 463, Judge Green used this language : " Mrs. Britt had been appointed guardian of the wards, and there appeared no order showing that she had been removed. In conferring the appointment upon her, the court exhausted its power, and could not confer any right to act as guardian upon the plaintiff until the removal of the former guardian ; then, and not before, the right to act upon this subject should be resumed." The same court held in the case of *Lewis* v. *Brooks*, 6 Yerg. 167, that the grant of administration *de bonis non*, where all the administrators are not dead or have not surrendered the trust, is void. Indeed, it seems so clear upon principle, that authority is not needed to sustain the position, that where the power given to appoint an officer has been exercised, any subsequent appointment must be void, unless the prior incumbent has been legally removed and the office become vacant.

Inasmuch, then, as the appointment of Walker was a nullity, he had no power to exercise any act of guardianship by virtue of such appointment. He could not maintain any action for the recovery of the ward's estate. He had no authority or right to receive any money due to it, and a payment to him by any one on such account would have been no discharge ; the rightful guardian could have compelled the party to pay a second time. Is Thomas liable, then, for any non-performance by Walker of the duties of guardian ? Surely not. And for this plain reason, Walker had no right or authority by law to do any act as guardian ; and any act done by him, by virtue of the appointment aforesaid, was absolutely null and void.

But it is said, the recital in the instrument that Walker, as guardian, should account, &c. estops Thomas from denying

47*

that Walker was guardian, and his consequent liability as surety.

It is certainly true, that where a party makes a distinct and clear recital of any fact in a deed or other valid obligation, he will be estopped from denying the truth of such recital. But this doctrine presupposes a valid or legal obligation, and we do not know any authority, and reason certainly is against the position, that a party is estopped by any recital contained in an instrument from showing, that the instrument containing it is absolutely null and void. In this case, if the probate court had no power to appoint Walker guardian, and if the order of appointment was void, it had no power to take or accept the bond, and having no such power, the acceptance was a void act, and could not fix any liability on Thomas.

While this court will, in all cases, hold guardians and their sureties to a strict performance of their trusts, it must at the same time so administer the law, as not to impose obligations or duties upon parties where none have been assumed according to law.

Let the judgment be reversed, and a new trial awarded and the cause remanded.