Okey, J.
In support of Scobey’s claim that he was legally appointed, his counsel rely on the fact that Amanda, mother of Eliza Kinney, was, at the time of her appoint *553 ment as guardian, the administratrix of the estate of Horatio S. Kinney, father of the child; and they cite the act of 1858 (55 Ohio L. 54, § 3; R: S. § 6256), which provides that, “No person who may have been, or shall be, an administrator on an estate, or executor of a last will and testament, shall be appointed guardian of the person and estate, or of the estate only, of any minor who shall be interested in the estate administered upon, or who shall be entitled to any interest under, or by virtue of, such last will and testament; but an executor or administrator may be appointed guardian of the person only of any minor.”
Clearly, as it seems to us, the facts show that Amanda’s appointment was within the prohibition of this statute, however it may be construed; but the question remains, whether such appointment can be regarded as void in a collateral proceeding. We fully recognize the rule stated in the well-considered case of Shroyer v. Richmond, 16 Ohio St. 455, as to the character of the jurisdiction of the probate courts and the verity which is imported by their records; but this does not conflict with another well established general rule, that the jurisdiction of a court is a matter into which inquiry may be made even in collateral proceedings, where the record contains no finding of facts expressly showing jurisdiction. Maxsom v. Sawyer, 12 Ohio, 195; Moore v. Starks, 1 Ohio St. 369; Buchanan v. Roy, 2 Ohio St. 252; Fowler v. Whiteman, 2 Ohio St. 270; Callen v. Ellison, 13 Ohio St. 446; Pennywit v. Foot, 27 Ohio St. 615; Spier v. Gorll, 33 Ohio St. 236; and see Thompson v. Whitman, 18 Wall. 457, as to cases where the record shows jurisdiction. But here there is no express finding as to the qualifications of Amanda, and the fact that she was administratrix of an estate in which Eliza Kinney was interested, was probably unknown to the Probate Court of Hamilton county.
We come, then, to the consideration of the question whether the Probate Court of Butler county could lawfully appoint Seobey guardian, no order having been made setting aside or rescinding the appointment of Amanda, *554 mother of Eliza Kinney. In determining this question we fully recognize the general rule that where a guardian has been appointed by the proper authority, and is in the discharge of the duties of his trust, the appointment of another person to the same office is void. Griffith v. Frazier, 8 Cranch (U. S.) 9; Thomas v. Burrus, 23 Miss. 550; Copp v. Copp, 20 N. H. 284; Fay v. Hurd, 8 Pick. 528; Robinson v. Zollinger, 9 Watts, 169. But we do not think that principle applies in this case. Amanda, being the administratrix of- Horatio S. Kinney, was ineligible to be guardian of the estate of a minor who was interested in the estate of the decedent. She was merely a guardian de facto; but she had performed only one act as guardian, so far as the record discloses, when she voluntarily relinquished all claim to the office, surrendered to Scobey the due-bill which had been imposed upon her, and evidently desired Scobey’s appointment. Besides, no other court than the Probate Court of Butler county had jurisdiction on April 6, 1874, to appoint a guardian for Eliza Kinney, for she was then a resident of that county and subject to guardianship therein. True, as already stated, no formal resignation of Amanda, her mother, had been entered of record, nor had any order been made setting aside or rescinding her appointment ; but this did not interfere with the power of the probate court to appoint Scobey as guardian, under the circumstances of this case.
It is said, however, on behalf of Gano, the surety, that he was discharged by the final settlement in the Probate Court of Butler county, made November 21, 1872; and that he can not be affected by a Gbange in that settlement made without his knowledge. But the position can not be maintained. The correction of the account was made while Eliza Kinney was still a minor, and there was the consent of the administrator, who filed the account, and the present guardian. Moreover, it does not appear that Gano knew that any such settlement had been made, much less that he changed his condition in any way in consequence of or since such settlement. Goodin v. The State, *555 18 Ohio, 6, is readily distinguished in principle from this case. Eliza Kinney could file a petition to obtain such correction, “ at any time within two years after the said ward shall arrive at full age.” 1 S. & C. 677, §§ 31, 33; R. S. §§ 6289, 6291. But here it was no.t necessary to resort to that course. Whatever interest the surety had in the final settlement, he had none which could interfere with the power of the probate court to make the correction in question.'
Judgment of the district court reversed and that of the court of common pleas affirmed.