**KOLLMEYER, a minor, Guardianship, In re.**

No. 704. Decided December 5, 1952.

Myers, Mills, Boesch & Cline, James T. Cline, of Counsel, Dayton, for applicant, H. E. Hapner, Appellee.

Marchal & Marchal, Herman J. Marchal, of Counsel, Greenville, for Corwin Nixon, defendant-appellant.

### OPINION

By MILLER, J:

This is a law appeal from the judgment of the Probate Court of Darke County, Ohio, appointing one H. E. Hapner guardian of the estate of Kay Carmen Kollmeyer, a minor, of the age of seventeen years. An examination of the record discloses the following facts:

Kay Carmen Kollmeyer and her father were residents of Warren County, Ohio, the mother of said minor having died prior to the 13th day of October, 1937; that on the 13th day of October, 1937, Arthur Kollmeyer, father of said minor, was appointed guardian of the person and estate of said minor by the Probate Court of Warren County, Ohio; that the estate of said minor was substantial and consisted entirely of personal property; that the said Arthur Kollmeyer, father of said minor, continued to be the guardian of said minor until the 13th day of August, 1947; that exceptions had been filed to his account as guardian and that he resigned as guardian of the minor's estate on or before the 13th day of August, 1947; that on said date Corwin Nixon, a resident of Warren County, Ohio, which was the legal residence of the minor, was duly appointed and qualified as the guardian of the estate of said minor; that this guardianship has continued up until the present time and is still continuing, said Corwin Nixon being under the jurisdiction of the Probate Court of Warren County, Ohio; that the real estate now owned by the minor was purchased by her guardian in approximately 1947 and that since that time the minor and her father have resided on said real estate, which is located near the Village of Arcanum in Darke County, Ohio, and that the renting of said real estate and management of the same has been under the direction and control of the said Corwin Nixon, guardian of the estate of said minor, and that the said Corwin Nixon is the duly appointed and acting guardian of the estate of the said Kay Carmen Kollmeyer and is still acting in that capacity; that while so acting in that capacity the minor filed her selection of guardian in the Probate Court of Darke County, Ohio, which resulted in the judgment to which this appeal is directed.

The first claimed error is that the Court erred in overruling the defendant's motion to dismiss the application for the appointment of a guardian on the grounds that the application

was not fully completed. An examination of the application filed herein discloses that one application for the appointment of H. E. Hapner as guardian was prepared, which listed the value of all the personal and real property together with the probable rental income and that the same was properly notarized. On the back of this application there was no selection of guardian signed by the minor. On the second application the same information was set forth but it was not verified. The back of this application had the selection of a guardian by the minor which was properly signed and witnessed. These two applications appear in the record attached together as one instrument and when considered as a whole contain all of the allegations necessary under §10507-3 GC.

It is to be noted further that they were filed as one instrument on March 25, 1952. We therefore find no merit in this error assignment.

It is next urged that the Court erred in overruling this appellant's motion to dismiss the application for the appointment of a guardian for the reason that the Probate Court of Darke County, Ohio, did not have jurisdiction to make such an appointment. The appellant does not challenge the right of a minor over the age of fourteen years to select his or her own guardian. It is challenging, however, the right of said minor to make its selection in the Probate Court of Darke County, Ohio, when there is in existence a duly qualified and acting guardian of her estate having been appointed by the Probate Court of Warren County, Ohio, said appointment having been made while said Court had full jurisdiction of said minor's estate and having been in existence for a number of years. Sec. 10501-55 GC sets forth the jurisdiction of Probate Courts as follows:

"The jurisdiction acquired by a probate court over a matter or proceeding is exclusive of that of any other probate court, except when otherwise provided by law."

In the case of State, ex rel. v. White, 132 Oh St 58, the Court passed upon the above section of the Code, paragraph 1 of the syllabus of which provides:

"Where the administration of an estate has been lawfully committed to the Probate Court of a particular county, the jurisdiction of such court to settle such estate is exclusive."

See also, State, ex rel. v. Gregory, 122 Oh St 512; Netting v. Strickland, 18 O. C. C. 136; In re Worthington, 4 O. D. (N. P.) 381; Newton v. Hammond, 38 Oh St 430. The appellee appears to rely solely upon the case of Scobey v. Gano, 35 Oh St 550, the facts in which, we think, are not on all fours with those in the case at bar. In the cited case the guardian was not

eligible for the appointment for the reason that she was also the administratrix of the estate in which her ward was interested, which was in violation of R. S. 6256. At page 553 the Court recognized the principle of law urged by this appellant, saying:

"We come, then, to the consideration of the question whether the Probate Court of Butler county could lawfully appoint Scobey guardian, no order having been made setting aside or rescinding the appointment of Amanda, mother of Eliza Kinney. In determining this question we fully recognize the general rule that where a guardian has been appointed by the proper authority, and is in the discharge of the duties of his trust, the appointment of another person to the same office is void. Griffith v. Frazier, 8 Cranch (U. S.) 9; Thomas v. Burrus, 23 Miss. 550; Copp v. Copp, 20 N. H. 284; Fay v. Hurd, 8 Pick. 528; Robinson v. Zollinger, 9 Watts, 169. But we do not think that principle applies in this case. Amanda, being the administratrix of Horatio S. Kinney, was ineligible to be guardian of the estate of a minor who was interested in the estate of the decedent. She was merely a guardian de facto; but she had performed only one act as guardian, so far as the record discloses, when she voluntarily relinquished all claim to the office, surrendered to Scobey the due-bill which had been imposed upon her, and evidently desired Scobey's appointment. Besides, no other court than the Probate Court of Butler county had jurisdiction on April 6, 1874, to appoint a guardian for Eliza Kinney, for she was then a resident of that county and subject to guardianship therein. True, as already stated, no formal resignation of Amanda, her mother, had been entered of record, nor had any order been made setting aside or rescinding her appointment; but this did not interfere with the power of the Probate Court to appoint Scobey as guardian, under the circumstances of this case."

It is our conclusion that the Probate Court of Darke County was without jurisdiction to hear this matter for the reason that the same rested solely within the jurisdiction of the Probate Court of Warren County. The appointment of H. E. Hapner is therefore null and void.

We find none of the other errors assigned to be well taken. The judgment will be reversed and cause remanded.

HORNBECK, PJ, WISEMAN, J, concur.