# Grier's Appeal.

1. The sanity or insanity of a guardian who executes a mortgage for minor wards under an order of the Orphans' Court, is not material.

2. The jurisdiction of the Orphans' Court to order a sale or mortgage of real estate is based on some preceding relation of the person applying for such order to the property thus to be disposed of, as guardian, executor, etc. But if there is no such relation, such an order is without jurisdiction and invalid and may be impeached collaterally.

3. Where A. presented a petition to the Orphans' court, falsely alleging her previous appointment as guardian of certain minors, and praying for authority to mortgage their real estate: *Held*, that an order of court empowering her to make such a mortgage was of no effect, and that its validity could be impeached in a suit in equity for the cancellation and satisfaction of the mortgage.

October 25th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

APPEAL of Joseph Grier from a decree of the Court of Common Pleas No. 1 of *Allegheny county:* In Equity: Of October Term 1882, No. 158.

Bill in equity filed April 23d 1881 between Samuel Agnew and Margaret Jane, his wife, in right of the wife, Randolph White and Ann Eliza, his wife, in right of the wife, and Hattie May Hamilton by her next friend, complainants, and Joseph Grier, defendant; tendering to defendant $300 upon a certain mortgage, and praying a decree of satisfaction thereof.

The defendant filed an answer and the cause was referred to J. H. Baldwin, Esq., as Master, before whom the following facts appeared: Charles Hamilton, father of complainants, died in August 1862, intestate leaving a widow and several children. On June 27th 1874 the widow Rosanna Hamilton presented her petition to the Orphans' Court of Allegheny county, alleging that soon after the death of her husband she had been appointed guardian of Sarah Ida and Hattie May Hamilton, her minor children; and praying for authority to mortgage the interest of said minors in certain real estate, in order to pay for grading other property belonging to the estate of their father.

The usual order was made by the court and a bond with approved sureties executed and filed.

In pursuance of this order, on June 30th 1874 Rosanna Hamilton as guardian and also in her own right, together with Margaret Jane Hamilton, now Agnew, and Ann Eliza Hamilton, now White, executed a mortgage on said premises to Lewis McMullen, who assigned it to Joseph Grier for $1,200. Grier paid this $1,200 to McMullen, who the sam day gave it to

[Grier's Appeal.]

Thos. Sill, agent of Mrs. Hamilton. Sill did not pay this money to the mortgagors, and after proceeding against him they only succeeded in recovering $300. The interest accruing on the mortgage was paid by Mrs. Hamilton and Mrs. White up to October 1877.

On April 23rd 1881 the complainants filed this bill, in which, after setting forth the death of Sarah Ida Hamilton in 1878 and of Rosanna Hamilton (who had only a life estate) in 1879, and the fact that they had tendered payment of $300 to the defendant, being all that the mortgagors had actually received; they prayed that the defendant be ordered to satisfy the mortgage and surrender up the bond on the following grounds: (1) That at the execution of the mortgage Rosanna Hamilton was not in her right mind. (2) That at the date of making the mortgage Mrs. White was a minor. (3) That Rosanna Hamilton had never been appointed guardian of her minor children as alleged in her petition to Orphans' Court, and that therefore the order of said court, authorizing her to make the mortgage as such guardian, was void.

The Master found as facts, that Mrs. White was not of age when she executed the mortgage, and had done nothing since to ratify it; further that Rosanna Hamilton had never been appointed guardian. He therefore made a report in accordance with these facts, holding that under the circumstances the sanity of Rosanna Hamilton was not material.

Exceptions filed to this report were overruled by the court, which entered the following final decree:

1st. That as to the one-fourth interest in said mortgage made by Margaret Jane Hamilton, now Margaret Jane Agnew, this bill be dismissed.

2d. That as to the remainder of said mortgage, the defendant be required to enter satisfaction thereof on the margin of the record so that the same shall be and remain a lien upon the said one-fourth interest of Margaret Jane Agnew only, and that the bond accompanying said mortgage be cancelled as to all the obligors thereon except Margaret Jane Hamilton, now Margaret Jane Agnew.

Whereupon the defendant took this appeal, assigning for error the decree of the court and its action in overruling the exceptions filed to the findings of the master.

_W. F. McCook_ (with whom was _James Grier_), for appellant. —The complainants failed to prove the lunacy of Rosanna Hamilton. But the fact is immaterial, because her execution of the mortgage as guardian was under the order of court, and could not, therefore, be impaired by her lunacy. The order of court which gave her this power, thereby in fact appointed her to act as

[Grier's Appeal.]

guardian of these minors, and was sufficient authority even if no previous appointment could be shown. By its own decree the court determined that it had jurisdiction to act; and its decision must stand. There is no authority to go behind it: McClure *v.* Commonwealth, 30 Smith 167; Foster *v.* Id., 11 Casey 148. There was no sufficient proof of Mrs. White's minority when she executed the mortgage, but in any event she ratified it after becoming of age by repeated payments of interest on it without objection.

*W. K. Jennings,* for appellee.—The payment of interest on the mortgage after Mrs. White reached her majority was not a ratification by her. The money used for this purpose came from property owned in common by her with her mother and sisters and she was not obliged to demand a settlement with them and forbid the use of her share for such purpose: Urban *v.* Grimes, 2 Grant 96; Schrader *v.* Decker, 9 Pa. St. 14. It is not denied that within its jurisdiction a decree of Orphans' Court cannot be reversed or avoided collaterally in another court. But the order of Orphans' Court in this case was void for want of jurisdiction. The said court is competent to administer the estates of minors only upon the application of proper parties: Silver *v.* County of Schuylkill, 8 Casey 356; Peeble's Appeal, 15 S. & R. 39; McPherson *v.* Cunliff, 11 S. & R. 422; O'Keron's Appeal, 2 Grant 303; Keene's Appeal, 10 Smith 504; Halsey *v.* Jate, 2 Smith 311.

Mr. Justice GORDON delivered the opinion of the court, November 20th 1882.

On the 27th of June 1874, Rosanna Hamilton presented her petition in the Orphans' Court of Allegheny county, averring that she had been appointed guardian of Sarah Ida and Hattie May Hamilton on the —— day of August 1862, and prayed for authority to mortgage certain property of the said minors, in order to pay for the grading of certain property of the estate of Charles Hamilton, father of the said minors. The customary order was made by the court, and a bond with approved sureties executed and filed.

On the 30th of June 1874, Mrs. Hamilton, as guardian aforesaid, and in her own right, together with Margaret Jane Hamilton (now Agnew) and Ann Eliza Hamilton (now White), executed the mortgage in controversy to Lewis McMullen, who afterwards, for a valuable consideration, assigned to the appellant.

To June Term 1881 the bill before us, praying for a decree for the cancellation or satisfaction of this mortgage, was filed. In support of the prayer thus made, three allegations were set

forth: That at the time of the execution of the mortgage Ann Eliza Hamilton was not of age; that Mrs. Rosanna Hamilton was not then in her right mind; that she was not, and never had been, guardian of the said minors.

The court below, after reference to a Master and hearing of the parties, entered the following decree:

"1st. That as to the one-fourth interest in said mortgage made by Margaret Jane Hamilton, now Margaret Jane Agnew, this bill be dismissed. 2d. That as to the remainder of said mortgage, the defendant be required to enter satisfaction thereof on the margin of the record so that the same be and remain a lien upon the said one-fourth interest of Margaret Jane Agnew only, and that the bond accompanying said mortgage be cancelled as to all the obligors thereon except Margaret Jane Hamilton, now Margaret Jane Agnew."

In the examination of the rectitude of this decree we may notice in the first place, that Mrs. Hamilton having died before the filing of this bill, and her estate, in the premises mortgaged, being but for life, she necessarily drops out of the case, and, as to her right, leaves nothing to be considered. Nor, as was properly observed by the Master, does her mental condition, at the time of the execution on the mortgage, present itself as a matter of material consideration, for if, in the execution of that instrument, she acted under and in pursuance of the decree of the Orphans' Court, it matters little whether she was sane or insane. The order of the court having been properly carried out, the mental condition of the instrument by which it was executed can in no manner affect its validity.

We observe, in the second place, that the Master having found that Mrs. White was not of age when she signed the mortgage, and that she did nothing after her majority which ought to be construed as a ratification thereof, we must of necessity approve the decree so far as she is concerned.

Finally, as to how the interests of the two minors are to be affected, depends upon the validity of the decree of the Orphans' Court directing the mortgage. The prima facie presumption is in favor of that decree, but the presumption is not one *juris et de jure.* It may be rebutted, and if it turns out that the court had no jurisdiction, its order was void: Torrance v. Torrance, 3 P. F. S. 505.

To rebut this prima facie presumption in favor of the decree of the Orphans' Court, we have this positive and unqualified finding of the Master: "Rosanna Hamilton had not been appointed guardian of the said minors when she made the above stated application to the Orphans' Court, nor when she made the mortgage, neither did she thereafter obtain such appointment." And this finding he says is of one of several facts admitted, or

not disputed.  But if Mrs. Hamilton was not the guardian of her minor children, how was it possible for the Orphans' Court to empower her either to mortgage or sell their lands ?  The power of this court to order a sale or mortgage is based on some preceding relation of the person applying for such order to the property which it is intended thus to dispose of, as that of executor, administrator, guardian or trustee, but if there is no such relation the action of the court comes to nothing ; it is mere usurpation.  The maxim *omnia præsumuntur*, when applied to judicial proceedings, is a valuable one, but it cannot clothe a court with a jurisdiction that the constitution and laws have put beyond its reach.  It cannot validate a decree authorizing A. to sell B.'s lands unless there is some precedent legal relation warranting it.

> The decree is affirmed, and the appeal is dismissed at the costs of appellant.

SHARSWOOD, C. J., and GREEN, J., dissented.