## Lackawanna Co., Appellant, *v.* Commonwealth.

[Marked to be reported.]

*Taxation—Revenue commissioners—Division of county—Transfer of credit from old county to new—Act of May 24, 1878.*

Under the act of May 24, 1878, P. L. 126, the powers of the board of revenue commissioners are limited to the equalization of the valuation of property taxable for state purposes, and it has no authority where a county has been divided to apportion a credit allowed by the commonwealth to the old county and transfer a part of it to the new county: Com. v. Luzerne Co., 1 Mona. 418.

*Board of public accounts—Charging back void settlement of revenue commissioners—Act of April 8, 1869.*

The board of public accounts, composed of the auditor general, state treasurer and attorney general, has authority, under the act of April 8,

1869, P. L. 19, to revise and reopen such illegal settlement of the board of revenue commissioners and charge back to the old county the credit taken from it, where the action of the board of revenue commissioners has been declared illegal by the court.

*Tax settlement—Collateral attack.*

The action of the board of revenue commissioners in such case being beyond its powers and void, is not conclusive until appealed from, and its validity may be attacked collaterally.

Argued May 30, 1893. Appeal, No. 22, May T., 1893, by plaintiff, from judgment of C. P. Dauphin Co., March T., 1889, No. 78, on appeal from resettlement of tax account. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from resettlement of tax account.

The opinion of the court below was as follows, by McPHERSON, J.:

" This case was tried without a jury, under the provisions of the act of 1874. We find the facts to be as follows :

" 1. For the years 1875, 1876 and 1877 the board of revenue commissioners increased the sum of the returns of personal property made to it for the state taxation by the county of Luzerne. The right of appeal from such action of the board had not yet been given, and the county paid the taxes due upon the increase.

" 2. For the year 1878 the board made a similar increase, and from this the county appealed to this court, as provided by the act of 1878, P. L. 126. In October, 1878, a final decree was entered, declaring the increase to have been made illegally, inequitably and without proper and sufficient information, and certifying to the auditor general and state treasurer that the amount of the illegal increase was the annual sum of $13,587.

" 3. Afterwards the board decided that the increase made by it for 1875, 1876 and 1877 had been illegal, and directed the auditor general and state treasurer to credit the county with the excess of tax paid for these years. Accordingly, in November, 1879, and April, 1882, these officers made credit settlements with the county of $30,682.48 and $14,608.23 respectively. These credits appeared in the annual settlements of the county of Luzerne with the commonwealth for tax on personal prop-

erty for the years 1879, 1880, 1881 and 1882, from which no appeal was taken, and which remained unopened in April, 1884.

" 4. In April, 1884, a settlement for the year 1883 was made and Luzerne county was charged therein with the sum of $11,263.59, which was transferred by the accounting officers to the credit of Lackawanna county without the consent of the county of Luzerne.

" 5. The action was taken for the following reason : In 1883 Lackawanna county—which was set off from Luzerne in 1878 —petitioned the board to revise the credits above referred to, and to award to her a proportionate share thereof. Luzerne county protested, but in January, 1884, the board decided that Lackawanna county was entitled to a share, and passed this resolution, from which no appeal was taken :

" ' Resolved, That said credit settlements be divided between the counties of Luzerne and Lackawanna, so that Luzerne county shall retain the three fourths of the same, and the remaining one fourth be given to the county of Lackawanna, as that is the proportion which its taxation, as compared with that of Luzerne, entitles it to receive.'

" In pursuance of this resolution and acting under its authority, the accounting officers made the transfer referred to in paragraph 4. Luzerne county appealed therefrom to this court, which decided the transfer to be erroneous, and entered a judgment that the credit of $11,263.59 be restored. This judgment was affirmed by the Supreme Court in October, 1888 [1 Mona. 418].                                    .

" 6. The credit of $11,263.59, transferred to Lackawanna county in 1884, entered into the accounts of the commonwealth with that county for the tax on personal property for the years 1883, 1884, 1885, 1886 and 1887, settled respectively April 3, 1884, March 26, 1885, March 22, 1886, December 16, 1887, and August 9, 1888. No appeal was taken from any of these settlements.

" 7. In November, 1888, however, the auditor general, state treasurer and attorney general, acting under the authority of the act of 1869, P. L. 19, opened, revised and resettled the accounts of Luzerne county with the commonwealth for the years 1882 and 1887, inclusive, and the accounts of Lackawanna county with the commonwealth for the years 1883 to 1887, inclusive ;

took from Lackawanna county the said credit of $11,263.59, and restored the same to the county of Luzerne, charging and crediting this amount upon the current accounts of the two counties respectively.

" [This action was taken in obedience to the judgment of the Supreme Court, and from the resettlement thus made Lackawanna county has taken this appeal, specifying the removal of the said credit from her account.] [1]

" The annual settlements with Lackawanna county from 1883 to 1887, inclusive, and the resettlement referred to, are made part of this finding.

### CONCLUSIONS OF LAW.

" The account of Lackawanna county with the commonwealth from 1883 to 1887, inclusive, had all been settled for more than a year without appeal or other proceedings thereon, and were therefore protected by § 16 of the act of 1811, P. L. 228, from disturbance by the auditor general and state treasurer alone. The act of April 8, 1869, P. L. 19, however, allows revision and resettlement in certain cases, even after a year has expired from the date of settlement, if the two officers named are joined by the attorney general; and under this act the charge complained of was made.

" [The first objection is, that the accounts resettled were not ' settlements made with any person or body politic by the auditor general,' but were settlements made in part, at least, by another body, viz.: The board of revenue commissioners. This, however, does not appear to be the fact. The accounts are those ordinarily settled with each county for the tax on personal property. The auditor general made them; the state treasurer approved them; and the fact that they contain an item of credit inserted in accordance with a resolution of the revenue commissioners, does not destroy their character as ' settlements made by the auditor general.' Being such, therefore, and not otherwise beyond the scope of the act of 1869, the three officials named had full power to revise them; to decide in all ordinary respects whether they had been erroneously or illegally made, and, if error or illegality appeared, to resettle the same according to law, crediting or charging, as the case might be, the amount resulting from such resettlement upon the current account of the county.] [2]

" [At this point the second objection is made, namely: That even if the accounts are within the act of 1869, the item of credit cannot be decided to be erroneous or illegal, because it was authorized by an independent tribunal, the revenue commissioners, and as no appeal was taken from their action under § 7 of the act of 1878, P. L. 126, it cannot now be collaterally disturbed. But this position overlooks the principle, that jurisdiction *may* be collaterally questioned. Shumate v. McGarity, 83 Pa. 38; Grier's Ap., 101 Pa. 412. Assuming for the present —the point is not before us and has never been decided—that the revenue commissioners have jurisdiction to authorize a credit settlement for the excess of tax paid by a county upon too large a valuation, it does not follow that they have jurisdiction to do what was done in this case, namely: To decide a dispute which did not concern the commonwealth, but affected only the two counties involved. The excess of tax had been wholly paid by the county of Luzerne, much, perhaps all of it, before Lackawanna was created; therefore, formally at least, there was an apparent propriety in giving Luzerne the whole of the credit and leaving the two counties to adjust between themselves whatever legal or equitable claims might grow out of such a disposition. If section 16 of the act of April 17, 1878, P. L. 17, under which Lackawanna was erected, did not cover a dispute of this kind, the remedy lay with the legislature. At all events the whole credit was in fact given to Luzerne, and upon the facts of this case that seems to be the end of the matter, so far as the revenue commissioners were concerned.] [3] If they had the power to authorize the credit, they had authorized it; what they were afterwards asked to do was, not to reconsider and wholly reverse their action, not to correct a merely clerical error, but treating the credit as a fund for distribution, to hear and allow a claim to part of it, and to decide upon what principle the distribution should be made. [Such a controversy the revenue commissioners had no jurisdiction to hear and decide, and therefore the resolution of January, 1884, which attempted to transfer to Lackawanna county the credit of $11,263.59, was simply void and was properly disregarded in the resettlement before us.] [4]

" [We conclude, therefore, that the charge appealed from was lawfully made, and direct the prothonotary to enter judgment

for the commonwealth, defendant, if exceptions are not filed as required by law.] " [5]

Exceptions to the findings were dismissed, and judgment entered in favor of the commonwealth.

*Errors assigned* were (1–5) portions of opinion in brackets, quoting them ; and (6) in not deciding that the county of Lackawanna was entitled to recover the amount of its claim, and in not entering judgment for it and against the commonwealth.

*Lyman D. Gilbert, John H. Weiss* and *Henry A. Knapp* with him, for appellant.—The action of the board of revenue commissioners was final and conclusive : Com. v. Butler Co., 2 Pearson, 421 ; act of May 24, 1878 ; act of 1869, P. L. 19 ; Schuylkill Co. v. Com., No. 213, May T., 1880, unreported.   In that case the court below held that the state officers could not revise or set aside the report and action of the board of revenue commissioners.

The attempt of the auditor general, state treasurer and attorney general to base their action upon the opinion of this court in the case of Com. v. Luzerne Co., 1 Mona. 418, affirming the decision of the court below, is based upon an entire misconception of the decision rendered in that case.   The opinion of the court below shows distinctly that the settlement for the year 1883, from which an appeal was successfully taken by the county of Luzerne, contained a certain credit which was also contained in the settlements for the years 1879, 1880, 1881 and 1882, from which no appeals had been taken, and which remained unopened and unquestioned.

The auditor general and state treasurer are not authorized to revise any settlements after the passage of twelve months from the dates of their making.   When that period of time has been exceeded the attorney general must unite in action with them : Act of March 30, 1811, 5 Sm. L. 228 ; act of April 8, 1869, P. L. 19 ; Com. v. Penna. Co., 145 Pa. 278.   But the inclusion of the attorney general does not give the board new powers of revision.

The jurisdiction of the board of public accounts has been repeatedly examined and declared to be final and conclusive when

no appeal has been taken in statutory manner for its correction: Spangler v. Com., 8 Watts, 57; Com. v. Reitzel, 9 W. & S. 109; Hutchinson v. Com., 6 Pa. 124; Porter v. School Directors, 18 Pa. 144; Com. v. Freedley's Ex'rs, 21 Pa. 33; Northampton Co. v. Yohe, 24 Pa. 305; Fitler v. Com., 31 Pa. 406; Blackmore v. Allegheny Co., 51 Pa. 160; Phila. v. Com., 52 Pa. 451; Burns v. Clarion Co., 62 Pa. 422; Glatfelter v. Com., 74 Pa. 74; Siggins v. Com., 85 Pa. 278; Commonwealth v. R. R., 2 Pears. 389, 394.

*W. U. Hensel*, attorney general, *James A. Stranahan*, deputy attorney general, with him, for appellee.—The action of the board of public accounts in charging back the credit to Luzerne county was in obedience to the judgment of the Supreme Court in Com. v. Luzerne Co., 1 Mona. 418, and in conformity with the act of April 8, 1869, P. L. 19.

In Com. v. Butler Co., 2 Pears. 421, the board of revenue commissioners had fixed the amount of taxes due the state from the county. Notice was served on the county commissioners of the sum fixed. No appeal was taken therefrom. A regular statement of the adjustment of the revenue board was made out and certified to the auditor general and state treasurer, and it was held that the amount settled by these officers, after the time given by law before a revision or appeal had expired, was conclusive upon the county. This reassertion of a well established principle in no wise affects the present contention.

In Com. v. Schuylkill Co., unreported, the board of revenue commissioners had fixed the amount due from the county of Schuylkill, and, though the assessment may have been irregular, the auditor general and state treasurer gave notice, as required by law, to the county commissioners, who, instead of appealing within sixty days from the settlement, as authorized by law, permitted the time to run around, and afterwards paid the tax as assessed without objection or protest, and years afterwards endeavored to take an appeal in order to recover it. The Supreme Court said: " This county had the means, if pursued in proper time and according to law, to get clear of this irregular assessment, instead of which it voluntarily paid it off and cannot recover it back. The appeal in this case is entirely irregular, altogether out of time, cannot possibly furnish the party

redress sought, and must be stricken off according to the motion."

In Phila. v. Cochran, 4 W. N. 222, the court held that the state authorities, in adding new subjects of taxation to the return of the counties, must proceed to settle an account according to law from which an appeal would lie, and justice then could be done by the proper court.

In accordance with the principles of these decisions it can, with entire consistency, be maintained that the action of the board of revenue commissioners, in fixing the amount of tax due upon the lawful objects of taxation, not appealed from, is conclusive upon the auditor general and state treasurer, as well as upon the body politic against which the tax is levied; and yet that, in such a case as the one under consideration, wherein the board of revenue commissioners has given an erroneous, illegal and void credit settlement, the so-called board of public accounts, having ascertained by the very highest possible authority, viz., the decision of this court, that the settlement was illegal and void, is bound to eliminate it from the accounts of the commonwealth with the county.

OPINION BY MR. JUSTICE THOMPSON, July 19, 1893:

The appellant's contention substantially turns upon the conclusiveness of the action of the board of revenue commissioners unappealed from in making a credit transfer from Luzerne county to Lackawanna county.

In 1875, 1876, and 1877 this board increased the sum of the returns of personal property for taxation for the county of Luzerne. At the time of such increase, no appeal therefrom could be taken, but subsequently an act of assembly was passed authorizing an appeal in such cases, and an additional increase having been made, and that county having appealed therefrom, it was decided that such increase was illegal. Accordingly in 1879 and 1882 the Commonwealth's officers made two credit settlements in favor of Luzerne county, one for $30,682.40 and one for $14,608.32. In 1878 Luzerne county was divided and from a portion of it was constituted the county of Lackawanna. In 1883 the county of Lackawanna applied to the board of revenue commissioners to have awarded to it a proportionate share of the credit settlement allowed to Luzerne. In pursu-

ance of this request the board adopted a resolution that " it be divided, so that Luzerne retain three fourths, and that one fourth be given to Lackawanna." Thereupon the accounting officers made a transfer of $11,263.56 from Luzerne to Lackawanna. An appeal from this having been taken by Luzerne county and this transfer having been held to be illegal, this credit was restored to it.

The act of April 8, 1869, P. L. 19, authorizes " the auditor general, state treasurer and attorney general to revise any settlement made with any person or body politic by the auditor general, when it may appear from the accounts in his office, or from other information in his possession, that the same has been erroneously or illegally made, and to resettle the same according to law, and to credit or charge, as the case may be, the amount resulting from such resettlement upon the current accounts of such person or body politic." Under the authority they revised the accounts of Luzerne, and taking this credit from Lackawanna restored it to that county. Unless this action of the board of revenue commissioners concluded them, they had a right to do so.

By the act of April 29, 1844, P. L. 486, the board of revenue commissioners constituted for the purpose of equalizing the assessments of taxes for the use of the commonwealth in the different counties is directed " to proceed and ascertain the just and fair value of the property in the city of Philadelphia and the several counties of the commonwealth made taxable by law, and to make a record of the valuation. " The purpose of its creation was to equalize the valuation of taxable property and to establish a record of it.

By the act of April 30, 1864, P. L. 218, the auditor general, state treasurer, and the secretary of the commonwealth were constituted the board, and by the act of May 23, 1878, P. L. 126, its powers were further defined. It is required " to proceed to ascertain and determine the fair and just value of the property of the said cities and counties of this commonwealth made taxable by law, adjusting and equalizing the same as far as possible, so as to make all taxes bear as equally as practicable upon all the property of the commonwealth made or hereafter to be made taxable for state purposes in proportion to its actual value." Upon the receipt of this increase made and filed,

it is made the duty of the state treasurer to transmit to the . commissioners and board of revision of taxes of each city or county a còpy of the valuation of the property of said city or county, showing as aforesaid the amount of state tax necessary to be raised therein on the property so liable to taxation, and to issue his precept requiring said city and county commissioners and boards of revision of taxes to assess and collect the said tax in their respective cities and counties as provided by law.

It is clear that the powers of this board are limited to the equalization of the valuation of the property taxable for state purposes. It is a duty performed by it for the commonwealth as a part of its system for the collection of its revenues. When it has performed its duties in this regard its functions are ended, and it has no authority to shift burdens from one county to another. In Luzerne County v. Commonwealth, 1 Mona. 418, when, under this same action of the board of revenue commissioners, it was attempted to transfer from Luzerne county to Lackawanna this sum of $11,263.37, it was held by the court below and affirmed by this court, " that the powers of the board are statutory and it is nowhere clothed with the right to take credit from one county and give it to another. Therefore the resolution quoted was upon a subject beyond its jurisdiction, and could convey no authority. In this matter the board had no authority to give. If the transfer is based upon this resolution, it has no foundation and must fall." The credit thus transferred was therefore restored.

It is however contended that the action of the board in passing the resolution is conclusive and until appealed from must as such stand. Within the exact limits of the authority to act, its actions, unappealed from, are conclusive of the matters determined, and the able argument of the appellant's counsel upon this branch of his case demonstrates this, but when its action is entirely beyond its powers, and by reason of this want of power is absolutely void, its validity is not so established, by failure to appeal, that it cannot be attacked collaterally. In Grier's Appeal, 101 Pa. 412, it was held that as an order made by the orphans' court was without jurisdiction it was impeachable collaterally, and Mr. Justice GORDON delivering the opinion of this court says : " Finally as to how the interests of

the two minors are to be affected depends upon the validity of the decree of the orphans' court directing the mortgage. The prima facie presumption is in favor of that decree, but the presumption is not one juris et de jure. It may be rebutted; if it turns out that the court had no jurisdiction, its order was void."

The board in adopting the resolution in question attempted to settle a dispute between two counties. Its action in this regard did not concern the valuation of property for the purpose of state taxation, and the commonwealth therefore had no interest in it. It thus undertook to do that which was beyond the limits of its jurisdiction. As such was the fact, it was held in the case of Luzerne county that the transfer of the credit from that county to Lackawanna was made without authority and restored it. When this was done it was clearly the duty of the auditor general, state treasurer and attorney general to revise the account thus erroneously made in favor of Lackawanna county. The act of 1869 authorizes them to revise any settlement when it may appear that the same has been erroneously or illegally made and settle the same according to law. In their action in pursuance of this authority, after referring to the opinion of the lower court and this court in the case of Luzerne county, and their consideration of the same, they order that " the account of Lackawanna county with the commonwealth for the state tax on personal property made by the auditor general and state treasurer for the years 1883, 1884, 1885, 1886 and 1887 be revised and reopened and resettled, and the credit of $11,263.59 transferred from Luzerne to Lackawanna be charged to Lackawanna."

This account as settled by the auditor general and state treasurer was decided by this court to have been erroneously and illegally settled. With the knowledge that such was the fact based upon information derived from judicial decision, their authority to resettle and charge the same as they did becomes manifest, and the revision and resettlement so made by them were within the limits of their powers and this judgment is

Affirmed.