IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM 1840.

## Robinson *against* Zollinger.[*]

The orphans' court have not jurisdiction of a petition for the appointment of a guardian for a minor, while there is a testamentary guardian who had neither resigned nor been removed: an appointment under such circumstances is a nullity.

The orphans' court may direct an issue to the common pleas for the trial of *facts* contested in a proceeding regularly before them, but they cannot send a case for their opinion on a point of law; nor ought the latter court to entertain any issue improvidently directed to them.

When and how the fitness of such an issue will be recognized in this court, stated.

ERROR to the common pleas of *Adams* county.

Isaac Robinson and Moses M'Clean against George Zollinger. Issue directed by the orphans' court, to try whether the plaintiff, Isaac Robinson, is duly and legally the guardian of Louisa H. Myers.

Henry Myers, by his last will and testament, devised certain estate to his daughters, Louisa H. Myers and Mary Ann Myers, and appointed Mary Myers and George Zollinger to be their guar-

[*] This case belongs properly to vol. viii, but was omitted by mistake.
IX.—P*

dians and the executors of his will, by which he directed, "that if either of the said executors die or should not appropriate the money and property to the best advantage, then it is my wish that the court will appoint guardians for my two daughters." The will was proved, on the 19th of December 1836. On the 28th of August 1838, Mary Myers, the executrix, presented a petition to the orphans' court, representing that she lived at a distance from the estate, and that George Zollinger resided at a distance also, and in the state of Maryland, and that the interest of the minors was suffering for want of attention, and praying the court to appoint suitable persons to be guardians of the said minors. Whereupon the court appointed Isaac Robinson to be guardian of the person and estate of Louisa H. Myers and another person to be guardian of the other minor.

These facts were stated in the nature of a special verdict, but how the question arose in the orphans' court, or for what purpose the decision was necessary, did not appear in the case.

*Durkee,* president, rendered a judgment for the defendant, on the ground, that the proceeding of the orphans' court, in the appointment of the plaintiff, without notice to the defendant and without his previous removal, was a nullity.

*Reed,* for plaintiff in error.

*Cooper,* for defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—Did the plaintiff's appointment come before us collaterally, and were it founded on a removal of the testamentary guardian as a preliminary step, it might make a question of some perplexity. On the principle of Tarbox v. Hayes, 6 *Watts* 398, the judgment of a court of competent jurisdiction, may not be avoided in a collateral proceeding, though the party affected were neither summoned nor heard; which accords with Ravenscroft v. Ravenscroft, 1 *Lev.* 305, where in a proceeding which bears a close resemblance to the present, administration granted without citing the necessary parties, was held to be voidable but not void. The principle is an elementary one; and in all such cases the distinction between collateral examination and direct revision, must be kept in view, for it furnishes a clue to the decisions. It is important, therefore, to understand how the point is before us. It was originally started in the orphans' court; but how, or on what occasion, the record does not show. That court has an undoubted right to direct an issue to the common pleas for the trial of *facts* contested in a proceeding regularly before it; and presuming that it did its duty in this instance, we are not to suppose that it abused its power by lending its assistance to the settlement of a hypothetical point, however convenient it might be to the parties; or that the common pleas would have received the issue had it been im-

[Robinson v. Zollinger.]

providently directed. But though the right of the orphans' court to direct an issue for the trial of facts in a proper case, is undeniable, it has no pretence of right to send a case, as a chancellor may, to the judges for their opinion on a point of law; and yet there was no disputable fact involved in the present instance. Still, though it is proper to suggest to that court the propriety, if not the necessity of looking more narrowly into the nature and extent of its power in time to come, we must take it that this issue was intended to be made the foundation of its subsequent action in the revision of its appointment; so that the legality of it comes before us directly and not collaterally. The issue was certainly a strange one; and it is only in this aspect that the fitness of it is perceived. Now, though it was declared in Ravenscroft *v.* Ravenscroft, that a grant of administration without citation of parties, cannot be treated as a void one in a collateral proceeding, the appointment may be declared void here as it comes before us directly; and it would be void even had the testamentary guardian been irregularly removed to make way for it. But he was not removed; and, as there was no vacancy, the orphans' court had no jurisdiction. Thus if administration *cum testamento annexo* be granted before renunciation by the executor, a sale by the administrator is simply void. Abrams *v.* Cunningham, 2 *Lev.* 182; S. C., 2 *Mod.* 186; and the same principle was ruled in Baxter and Beale's Case, 1 *Leon.* 90. Now it will not be pretended, in our case, that the testamentary guardian was superseded *ipso facto* by the order of appointment; and as there had been no precedent resignation or sentence of removal, the court had not jurisdiction. There could not be double sets of guardians acting by colour of authority, but in opposite rights, and deriving title from inconsistent sources; for to hold the acts of the one to be good in the first instance, and those of the others to be good altogether, would lead to collision and inextricable confusion. The plaintiffs were appointed as in the case of an ordinary vacancy; and as the court had not jurisdiction, its appointment is a nullity.

Judgment affirmed.