## Halderman *versus* Young.

The Act of April 28th, 1876 (P. L. 50), validating certain sales made by persons in a fiduciary capacity in the event of any irregularity or defect existing in the appointment or qualification of such trustee, etc., cures only defects in the proceedings of such courts as have jurisdiction of the subject matter. It does not validate a sale made by a trustee, etc., who was irregularly and defectively appointed or qualified by a court which had no jurisdiction to make such appointment.

October 13th, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Armstrong county :* Of October and November Term, 1884, No. 53.

Ejectment, by Joseph W. Halderman against James S. Young, to recover a certain tract of land in Armstrong county. Plea, not guilty.

On the trial, before NEALE, P. J., the following facts appeared : By proceedings under the Act of April 20th, 1869 (P. L. 78), Joseph W. Halderman was found to be insane, and Conrad Snyder was appointed committee of his person and of his estate. Conrad Snyder thereupon gave security, and filed an appraisement of Halderman's personal property. Subsequently the said committee filed a petition in the Court of Common Pleas of Armstrong county, praying for an order to sell the tract of real estate belonging to Halderman, which is the subject of the present controversy. The court made the order as prayed for, whereupon Snyder sold the land in question to James S. Young, and this sale was confirmed by the said court. Halderman, who claimed to be sane, thereupon took a rule to show cause why the appointment of Conrad Snyder as committee of his estate should not be revoked, and all proceedings thereunder set aside, on the ground that the Act of April 20th, 1869, did not authorize the appointment of Halderman as committee of his estate. On discharge of this rule an appeal was taken by Halderman to the Supreme Court, which sustained his contention, revoked the decree appointing Snyder as committee of Halderman's estate, and remitted the record for further proceedings : See Halderman's Appeal, 8 Out. 251.

On refusal of Young to deliver possession of the tract in controversy, Halderman brought this ejectment.

The court instructed the jury to render a verdict for the plaintiff, reserving the question, " whether, under the whole law in the case, the plaintiff is entitled to recover." Verdict for the plaintiff accordingly. Subsequently, the court, on

motion of the defendant, entered judgment in favor of the defendant *non obstante veredicto* on the ground that however invalid the appointment of Snyder might be, his sale of the property to Young was validated by the Act of April 28th, 1876 (P. L. 50.)

Halderman thereupon took this writ of error, assigning as error the entry of judgment for the defendant.

*M. F. Leason,* for the plaintiff in error.—The Act of 1876 was not designed to cure a total want of jurisdiction but only such irregularities as might happen in the appointment, etc., of a trustee or committee by a court having jurisdiction of the subject matter.

*E. S. Golden,* for the defendant in error.—The title of the Act of 1876 uses the words "improperly appointed." The Act itself adds the word *defect,* showing clearly that every phase of a voidable judgment or appointment was intended to be guarded against by providing that such defects should not affect the title of the purchaser. It will be conceded that Conrad Snyder was a trustee and stood in the fiduciary relation to the lunatic, and that his bond was abundantly good. It would seem, therefore, that this Act of Assembly was intended to meet just such a case as the present, and to secure purchasers against the errors of court or counsel. Under a similar Act of Assembly, 1705, Brightly's Digest 651, the title of the purchaser is protected even in cases of the reversal of a judgment under which the sale took place, " for any error or errors," and it has been held under that Act, that the purchaser is protected, if a stranger to the judgment or proceeding, even where the sale occurred upon a judgment fraudulent and collusive, and which was afterwards set aside upon a feigned issue : Martin *v.* Gernandt, 7 Harris 124.

Mr. Justice GORDON delivered the opinion of the court, January 5th, 1885.

In the opinion of this court, as delivered by Mr. Justice TRUNKEY, in Halderman's Appeal, 8 Out. 251, it was held that the Lunacy Act of 1869 was not supplementary to the Act of 1836; that this Act was passed only for the purpose of making a speedy disposition of the question of the mental condition of the alleged lunatic, but that it did not confer jurisdiction over his estate, and that in order to vest such jurisdiction in the Court of Common Pleas, the provisions of the Act of 1836 must be pursued. It was therefore ordered that the decree appointing Conrad Snyder as committee of the estate of Joseph W. Halderman should be reversed and set

aside. The effect of this order, based as it was on the want
of jurisdiction in the court below, was in effect, not only to
annul the decree appointing the committee, but to pronounce
the proceedings for the sale of the alleged lunatic's real estate
null and void. They were *coram non judice;* the court hav-
ing in itself no power over that estate, could confer no such
power on its officer. It is to no purpose to insist on the gen-
eral equity powers of the Court of Common Pleas over the
estates of persons *non compos mentis*, for, whilst those powers
are admitted, they must, nevertheless, be exercised according
to the prescriptions of the statute, and to them must that court
look not only for the manner in which its power is to be exer-
cised, but also for its jurisdiction. Nor can the Act of the
28th of April, 1876, be successfully invoked to help out the
case of the defendant in error.

If, as we have seen, the court had no power to authorize
Snyder, the committee, to sell Halderman's property, the Act
cited does not confer such power, or cure an error so radical.

It may, indeed, be seriously doubted whether the legislature
could constitutionally validate an Act so wholly unauthorized;
whether it could make good the illegal decree of a court di-
recting the sale of one man's property by another. But the
Act of 1876 makes no such attempt. It was designed simply
t) cure defects in the proceedings of a court having jurisdic-
tion of the subject matter, but it does not profess to cure a
want of jurisdiction. Moreover, the curative provisions of
this statute extend only to irregularities in the appointment
of the trustee, and the absence " of any proper qualification
in respect thereto." Nor can these apply except where, in
such proceedings " security shall be duly entered by him or
her under the order or decree of the court."

In other words, where under such order or decree, security
has been properly given for the execution of the trust, an
irregularity in the appointment of, or want of proper qualifi-
cation in the trustee, shall not affect the title of a grantee or
vendee. It is therefore certain that this statute cannot be
made to apply to the case in hand, since the defect here com-
plained of is not a want of regularity in the proceedings of
the court, or in the qualification of the trustee, but of a total
want of jurisdiction. We are then thus forced to the conclu-
sion, that the sale of Halderman's property by Conrad Sny-
der, under the lunacy proceedings as they were had in the
court below, to James S. Young, was illegal and void, and
consequently that judgment should have been entered on the
verdict for the plaintiff.

> The judgment is now reversed, and it is ordered
> that judgment be entered on the verdict for
> plaintiff below, with costs.