# Dull's Appeal.

1. The Act of March 29th, 1832, § 6 (P. L. 191) forbids the appointment as guardian of one who is executor or administrator of an estate in which the minor is interested. Where, however, such an appointment has been made, and the guardian has acted in good faith and performed the duties of his office for a space of ten years, his appointment will not be revoked at the instance of one who has not a direct and personal interest therein.

2. In proceedings in partition in the Orphans' Court the real estate was awarded to the guardian of a minor heir, who was the highest bidder therefor. The guardian's appointment had been made some ten years previously, in violation of the provisions of the Act of March 29th, 1832, § 6. (P. L. 191), and the other heirs applied for the revocation of his appointment, and for the setting aside of the award so made to him, joining in their petition an offer to take the real estate at a higher valuation. *Held*,

   (1.) That the prayers of the petition were not only incongruous and improperly united, but also that the desired revocation of the appointment was evidently used as a cover to defeat the guardian's right to take the real estate for his ward.

   (2.) That the petitioners, in working against the guardian's efforts in behalf of his ward were not in a position to object to the irregularity of his appointment.

3. The Supreme Court, in hearing an appeal from the Orphans' Court, will hear, try and determine the merits of the case, and decide the same according to justice and equity.

February 4th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the decree of the Orphans' Court of *Fayette County :* Of July Term, 1884, No. 114.

This was the appeal of Jacob Dull from the decree of the Orphans' Court of Fayette County dismissing the petition of the said Jacob Dull, praying that the appointment of Isaac M. Newcomer, as guardian of Mary E. Dull, a minor, might be revoked, and that the award of the real estate of Jacob Dull, Sr., deceased, to said Newcomer as guardian might be revoked and annulled.

The facts appeared as follows : Jacob Dull, Sr., died in Connellsville, Fayette County, in 1853, leaving a widow and five children, including Jacob Dull, the appellant, and Lutellus L. Dull, who married Mary B. Newcomer, and died in 1874, leaving him surviving his wife (now Mary B. Barnes) and two children, Henry and Mary E. Dull, under the age of fourteen. On January 6th, 1874, Isaac M. Newcomer, a brother of Mary B. Newcomer, was appointed administrator of the estate of Lutellus L. Dull; and also on January 20th, 1874, guardian of

Henry and Mary E. Dull, upon petition of their mother, Mary B. Dull. Henry soon afterwards died. Jacob Dull, Sr., who appears to have died intestate, left certain real estate in Connellsville, but no proceedings in partition were instituted until October 29th, 1878, when an inquest was awarded upon the petition of Jacob Dull, the appellant. The inquest found that the real estate could not be divided, and valued it at $1,925. Nothing further was done until September 3d, 1883, when a rule was granted on petition of I. M. Newcomer, guardian, upon the parties to choose or refuse at the valuation, and on December 3d, 1883, the real estate was awarded to him at $2,500, that being the highest price bid above the valuation. This award was set aside on account of the defective notice given to the heirs, and an *alias* rule granted on January 3d, 1884, on all the parties to choose or refuse, as before. Jacob. Dull filed a sealed bid of $4,008 and I. M. Newcomer, as guardian, filed a bid of $4,059, whereupon there being no other bids the real estate was awarded to Newcomer, and security approved by the court was entered in the sum of $8,118.

Upon April 29th, 1884, Jacob Dull filed a petition, concurred in by the widow and surviving children of Jacob Dull, Sr., praying (1) that the appointment of Newcomer as guardian should be revoked as being in violation of the Act of March 29th, 1832, § 6 (P. L. 191), that "no executor or administrator shall be admitted or appointed by the Orphans' Court guardian of a minor having an interest in the estate under the care of such executor or administrator; and (2) that the award of said real estate to Newcomer as guardian should be revoked and annulled on the ground that the petitioners, who were all the parties in interest except Mary E. Dull, the minor, and her mother desired that no partition should be made because the property was increasing in value, and also that Newcomer, while ostensibly buying the property for his ward in reality intended and had contracted to sell it to one Frisbee, who in the depositions taken testified that he had agreed to take it from Newcomer at the amount of his bid. Included in the petition was an offer to take the real estate at the price of 4,500, and to pay the distributive share of the minor into court.

The court, INGHRAM, P. J., dismissed the petition, whereupon Jacob Dull took this appeal, assigning for error the decree of the court dismissing his petition as above stated.

*Edward Campbell*, for the appellant.—The direction of the Act of March 29th, 1832, § 6 (P. L. 191), is imperative, and its violation rendered Newcomer's appointment invalid: Senseman's Appeal, 21 Pa. St., 331. The guardian is not bound to take real estate for his ward in partition proceedings: Milli-

gan's Appeal,.82 Pa. St., 389; and should not be allowed to do so where, as in this case, he is opposed by all the parties in interest, who are ready to give more than the amount of his bid, and to pay over his ward's share of the money.

*Lindsey*, for the appellee.—The petition was incongruous, and contrary to the practice of the Orphans' Court: Graham's Estate, 14 W. N. C., 31; Willard's Appeal, 15 Smith, 265. The appellant has no interest in the guardianship of Mary E. Dull, and cannot dispute the regularity of the appointment: Halsey *v.* Tate, 2 Smith, 311; Beeder's Estate, 10 Barr, 262.

The opinion of the Court was delivered February 16th, 1885.

PER CURIAM.   The appointment of the appellee as guardian was in conflict with the Act of Assembly.   He was appointed at the request of the mother of the child more than ten years ago.   He appears to have well and faithfully discharged his trust, and to the entire satisfaction of the mother and the child.   It is only after the lapse of so many years, and when the assiduous care and diligent action of the guardian to protect the interests of his ward, come in conflict with the appellant that the latter makes this application.   One who is shown to have been persistently working against the interest of the child, presents no equity to move the action of the court in the midst of proceedings in partition.   The conglomerate application which he made shows the revocation of the guardianship of the appellee is a mere cover to strike at the rights of the ward in the partition.   The latter is evidently his main object.   At the present stage of the proceedings we will not reverse the court for not granting the prayer of one who seeks to thwart the best interests of the ward.   The Act of 16th June, 1836, makes it our duty in all cases of appeal from decrees of the several Orphans' Courts to hear, try and determine the merits of such cases, and to decree according to the justice and equity thereof.   So, considering all the facts of this case, justice and equity unite in inducing us to confirm this decree.

Decree affirmed and appeal dismissed at the costs of the appellant.