## Kramer, Appellant, v. Mugele.

*Guardian and ward—Collateral attack upon decree appointing executor as guardian.*

A decree of the orphans' court, appointing as guardian of minors the executor of the estate in which the minors are interested, cannot be collaterally attacked in an action of ejectment by the minors to recover land sold by the guardian under a decree of court.

An executor of an estate, fourteen years after his active duties were ended, was appointed guardian of minors interested in the estate. Under a decree of court he subsequently sold at private sale certain real estate belonging to the minors. No fraud was alleged or proved. After the minors came of age they brought ejectment to recover the land, alleging the invalidity of the guardian's appointment. *Held*, that they were not entitled to recover.

Dull's Ap., 108 Pa. 604, appears to treat such an appointment as this as an irregularity and not as absolutely void. The orphans' court having jurisdiction to appoint a guardian, the purchaser had a right to rely upon the record of such appointment and was not bound to inquire further.

Argued Nov. 3, 1892. Appeal, No. 175, Oct. T., 1892, by plaintiffs, Anna H. Kramer et al., from judgment of C. P. No. 2, Allegheny Co., April T., 1890, No. 610, on verdict for defendants, Charles P. Mugele et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment.

The facts appear by the opinion of the Supreme Court.

Binding instruction was given for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was above instruction, quoting it.

*Charles P. Orr, Thomas C. Lazear* with him, for appellants, cited, Torrance v. Torrance, 53 Pa. 505; Spencer v. Jennings, 123 Pa. 184; Senseman's Ap., 21 Pa. 331; Robinson v. Zollinger, 9 Watts, 169; Grier's Ap., 101 Pa. 412; Richards v. Rote, 68 Pa. 255.

*S. A. Will*, for appellees, not heard, cited, McCann's Ap., 49 Pa. 304; Pote's Ap., 106 Pa. 580; Braining's Est., 7 W. N. 34; Gray's Ap., 96 Pa. 243; Tarbox v. Hays, 6 Watts, 398; McDonald v. Simcox, 98 Pa. 619; Ogle v. Baker, 137 Pa. 378.

PER CURIAM, January 3, 1893.

The learned judge below gave the jury a binding instruction to find for the defendant. In this we see no error, as there was no question of fact in dispute. The case turned upon a question of law.

It was an attempt upon the part of the plaintiffs to attack collaterally a decree of the orphans' court, appointing James Lippincott guardian of the estates of certain minor children. It now appears that these minors were interested in an estate of which the said Lippincott was executor, acting under letters testamentary, issued some fourteen years before his appointment as guardian of these children. It was asserted, and the fact appears to be so, that no duties remained for him to perform as executor, although he had not been formally discharged as such. The plaintiffs contended that under the act of assembly his appointment as guardian was void, and that the orphans' court had no jurisdiction to make it. From this they argue that the sale of the real estate of these minors, made by him as their guardian, was void and passed no title.

We do not think this contention can be sustained. The orphans' court had jurisdiction over the personal estates of these minors, and to appoint a guardian. Two of said minors were over fourteen years of age, and came into court and asked for the appointment of the said J. Lippincott as their guardian. The father of said minors signed the petition, asking for the appointment of a fit person as guardian for such as were under fourteen years of age. The court approved of the choice made, and appointed the said James Lippincott as guardian of all the minor children.

It is quite possible that the orphans' court, upon the application of the proper parties, and when informed of the facts, would have revoked this appointment. To attack it now in this collateral proceeding is quite another matter. The appointment at most was an irregularity, the fact of his previous appointment as executor having probably been overlooked by the parties, and unknown to the court. There is not a trace of any fraud or intended wrongdoing on the part of any one. Dull's Appeal, 108 Pa. 604, appears to treat such an appointment as this as an irregularity, and not as absolutely void.

The real estate in controversy has been sold to a bona fide

purchaser without notice of the irregularity. The orphans' court, having jurisdiction to appoint a guardian, he had a right to rely upon the record of such appointment, and was not bound to inquire whether the guardian had also been appointed as executor some fourteen years previously.

Judgment affirmed.