# Kreimendahl v. Neuhauser.

*Conclusiveness of judgment in collateral proceeding—Unconfirmed decree of sale.*

The rule as to the conclusiveness, in a collateral proceeding, of the judgment of a court of competent jurisdiction, cannot be invoked in aid of a decree of sale made by the orphans' court subject to conditions where neither compliance with the conditions nor confirmation of the sale has been had.

*Ejectment—Orphans' court sale of minor's interest—Neglect of confirmation.*

In a judicial sale the rule caveat emptor applies as to the title acquired, and in the making of sales by order of the orphans' court a strict com-

pliance with all the requirements of the acts of assembly must be observed.

In an action of ejectment against the vendee of a minor's interest under an orphans' court sale by virtue of the Act of April 18, 1853, P. L. 503, the sale not having been confirmed, nor the conditions upon which the sale was decreed complied with, the decree of sale will not be considered a final judgment, and the vendee is responsible for the application of the purchase money.

Argued April 23, 1900.    Appeal, No. 80, April T., 1900, by defendant, in a suit of Theodore Kreimendahl against Anna Neuhauser, from judgment of C. P. No. 3, Allegheny Co., August T., 1895, No. 115, on verdict for plaintiff.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.    Opinion by BEAVER, J.

Ejectment.    Before KENNEDY, P. J.

The facts sufficiently appear in the opinion of the court below as follows:

This is an action of ejectment brought for the recovery of an undivided one-sixth interest of or in two certain pieces of land, one situated in the thirty-fifth ward, of the city of Pittsburg, and the other in the borough of Knoxville, Allegheny county.

The facts are not in dispute.    Both parties agree that the title to the properties in question vested in one Louis Kreimendahl, who died February 22, 1883, intestate, leaving to survive him as his heirs at law, seven children, viz: Louis Kreimendahl, Jr., Charles Kreimendahl, Augusta Evans, Dora Young, Lillie Kreimendahl, Mary Ellen Kreimendahl and Theodore Kreimendahl.    One of these children, Mary Ellen Kreimendahl, died before attaining majority, intestate, unmarried and without issue, on or about April 4, 1889, and subsequently thereto, to wit: by deed dated October 12, 1891, all of the other children, except Theodore Kreimendahl, who was then a minor, conveyed the undivided five-sixths interest of the premises to Anna Neuhauser, the defendant in this action.    On October 9, 1891, W. L. Bird, guardian of Theodore Kreimendahl, presented to the orphans' court of Allegheny county, his petition for authority to sell and convey the interest (the remaining undivided one-sixth), of his ward in the premises, to the defendant for a stipulated price, and on the

same day that court made an order, authorizing the conveyance: as prayed for, and directing the guardian " to give bond in the: sum of $1,700, to be approved by this court, conditioned for the faithful execution of his trust and application of the proceeds of sale." This guardian executed to the defendant, Anna Neuhauser, a deed dated October 12, 1891, purporting to convey this undivided one-sixth interest of his ward in the premises, but never gave the bond directed by the orphans' court above mentioned, nor did he ever make any return of sale to the court, nor was there ever any confirmation of the sale by the court. Hence arise this controversy. It is admitted that the minor never received any portion of the proceeds of sale of his interest in the premises, and that the guardian failed to render any account thereof, and shortly after attaining his majority, the minor, this plaintiff, brought this action of ejectment, denying that the deed, executed by his guardian as above recited, conveyed any title to the defendant, because of his failure to give bond as required by law and the order of court, and to make proper return of sale and have confirmation thereof by the court.

It seems plain that the application to sell, made by the guardian, must have been under the act of 1853. The rather peculiar wording of the petition does not in itself clearly show under what act the petitioner presented his application; but the fact that it was for authority to sell at private sale, an undivided interest of a minor in real estate, indicates that it must have been made under the act mentioned, as I know of no other act which gives to the orphans' court power to order such a sale, except perhaps the act of 1889, which is a supplement to that of 1853, as I understand it. Assuming then, as I think we must, that this application was made under the act of 1853, we find, in that act, three provisions with reference to the giving of security as a condition to the making of sales. These provisions are in the 4th, 6th and 10th sections. That in the 4th section provides " that no sales shall be ordered or made: under the provisions of this act in any case, until security, to be approved by the court of common pleas or orphans' court, be given in at least double the value of the interest to be sold."

The 6th section has this proviso: " And before any decree shall be executed, the person or persons entrusted to execute: the same, shall give adequate security to the commonwealth,

to be approved by the court, for the faithful execution of the trust and proper application of all moneys to be received, according to the trust and the decree of the court, which security shall inure to the benefit of all parties interested; and such security being so given, no purchaser or lessee shall be bound to see to the application of the purchase money or rents, or be in any manner liable to or affected by the former trusts or limitations upon the premises."

The provision of the 10th section makes the giving of the bond or security, required by the 6th section, applicable to all cases of sales by order of the courts of this commonwealth.

Construing these provisions together, our Supreme Court has held, that, notwithstanding the language of the 4th section is that "no sale be ordered or made until security be given," yet it is sufficient that security be given before confirmation of the sale: Thorn's Appeal, 35 Pa. 47.

But I can find no case where the validity of the sale was recognized or established, when there was neither security given nor a confirmation of the sale by the court. In Lockhart v. John, 7 Pa. 137, relied on by defendant, which was a sale under the act of 1832, there was a confirmation of the sale by the court, and it was held the purchaser was not required to see to the application of the purchase money; that the giving of security was directory only; and that the sale having been confirmed, it could not be attacked collaterally. To the same effect is Dixcy v. Laning and Sill, 49 Pa. 143. In this case also, the sale, which was under the act of 1853, was confirmed by the court ordering it. There seems, too, to be some significance in the language of the provision of the 6th section of the act, "and such security being so given, no purchaser shall be bound to see to the application of the purchase money," the inference being, that unless or until such security be given, the purchaser is required to see to the application of the purchase money, especially if the sale be not confirmed. Indeed, it seems to me, the very object of a return of sale is for the purpose of having the court's attention directed to the matter of security, and if that court, notwithstanding the security be wanting, see fit to confirm the sale, its validity cannot afterwards be questioned collaterally. It is no answer to say, that there was nothing in this case to report back to the court, that the order

made on the application was complete in itself. I do not think the proceeding complete in itself. The order contains an express direction to the guardian to give security; he must make report that he has done so with his return of sale, then it will be confirmed, and without this his authority to make the conveyance is incomplete.

Until that authority is complete, either by the giving of security, as required by the decree, as well as by the act of assembly, or in its absence, by the confirmation of the sale, the purchaser pays his money at his own peril. It being a judicial sale, the rule caveat emptor applies as to the title acquired. A strict compliance with all the requirements of the acts of assembly must be observed in the making of sales by order of orphans' court, lest widows and orphans (minors) lose the estates which have been left to them. A failure to observe these requirements has worked just such results in this case.

It is contended, however, on behalf of defendant, that the orphans' court sale cannot be attacked in this, a collateral proceeding, and with this question there is some difficulty. If the sale had been confirmed, even without the giving of security, then, under the authority of Dixcy's Executors v. Laning and Sill, supra, it could not be assailed here. But when there has been neither security given, as the act of assembly and decree required, nor any return or confirmation of the sale made, the proceedings would seem to be incomplete, the jurisdiction of that court fails, there is no final order from which to take an appeal in that case, the title to the premises has not passed, and the question, it would seem, may be raised here. We think it best to so hold, for the sake of those that are helpless, until it is ruled otherwise by higher authority.

The new trial must be refused.

It is so ordered.

Verdict and judgment for plaintiff for one undivided one-sixth interest in the land described in the writ and six and one-fourth cents damages and costs. Defendant appealed.

*Error assigned* was in refusing defendant's point, which was as follows: " That the deed of W. L. Bird, guardian to Anna Neuhauser, defendant, dated October 12, 1891, recorded in deed

book 763, page 381, vested a good and valid title to the premises in dispute; and under all the evidence in the case the verdict should be for the defendant. *Answer:* Refused."

*C. A. O'Brien,* for appellant.—"Jurisdiction," says AGNEW, J., in Torrance v. Torrance, 53 Pa. 505, an ejectment like the present case against an orphans' court vendee, "is the test and has been recognized repeatedly as the true rule:" Painter v. Henderson, 7 Pa. 48; Lockhart v. John, 7 Pa. 137; Keech v. Rinehart, 10 Pa. 242; McKee v. McKee, 14 Pa. 231. The proper question which the court below should have examined and decided is, whether the proceedings under which the sale to the defendant below took place fell within the jurisdiction of the orphans' court.

In collateral suits and proceedings they must be held conclusive, unless impeached for fraud, or want of jurisdiction appearing on the record: Painter v. Henderson, 7 Pa. 48; Welty v. Ruffner, 9 Pa. 224; Keech v. Rinehart, 10 Pa. 242; Dixcy v. Laning et al., 49 Pa. 143. Where jurisdiction is established, the presumption is, that all directory provisions have been followed: Pittsburg v. Walter, 69 Pa. 365.

When, however, questions arise in collateral actions, and it is sought to overturn the decree of another court, the Supreme Court has gone great lengths in sustaining the acts of the original court where once its jurisdiction has attached.

The court here is respectfully requested to examine the case of McPherson v. Cunliff, 11 S. & R. 422, where there is an exhaustive discussion of the principles of this doctrine.

We think the case of Dixcy v. Laning and Sill, 49 Pa. 143, disposes of this controversy.

Sales by order of the orphans' court are judicial sales, and whilst it is true that administrators and others subject to the jurisdiction of that court should be held to the strictest compliance with all the directions of the acts of assembly, it is also true that purchasers at the orphans' court sale are no more responsible for a proper application of the purchase money than purchasers at any other judicial sale. The law, when it assumes custody of a debtor's or decedent's real estate, and converts it into money, is supposed to follow the money to its

appropriate destination, and the purchaser is excused from this duty.

*David S. McCann,* with him *George W. Acklin,* for appellee. —The only questions to be decided in this case are: 1. Did W. L. Bird, having failed to file the bond provided for in the order of court at the time of his alleged appointment as guardian, ever have any authority to act in the capacity of guardian of Theodore Kreimendahl? 2. Did the failure of W. L. Bird to file the bond required by the order of court directing the sale of the said real estate, taken in connection with the failure to make a return of said sale, and have the said sale confirmed, render the conveyance of said real estate to the appellant invalid and of no effect?

It has never been decided in Pennsylvania whether a guardian has any authority to act until he has filed his original bond, though in the case of Newcomer's Appeal, 43 Pa. 45, where an effort was made to set aside the bond already given by a guardian, the court said:

"It would be very extraordinary if the court could review its discretion and annihilate the security, without which the property could not have been received. It is a new doctrine that rights conferred by the exercise of discretionary powers are less secure than others, and it is unsustained either by reason or authority:" Pryor v. Downey, 50 Cal. 388; McKeen v. Frost, 46 Me. 239; Tappan v. Tappan, 24 N. H. 400.

Other authorities to the same effect: Wuesthoff v. Germania Life Insurance Co., 107 N. Y. 580; Cleveland v. Chandler, 3 Stewart (Ala.), 489; Trask v. Donoughue, 1 Aiken (Vt.), 370.

It follows, as an absolute conclusion, from the authorities above cited, that the said W. L. Bird, never having filed the bond which was necessary to complete his appointment, had no authority to act as guardian, and was, in reality, not a guardian.

The appellant, however, objects to this, claiming that an orphans' court sale cannot be attacked in a collateral proceeding, except on the ground of fraud or want of jurisdiction. The answer to this is that W. I. Bird never had any authority to act as guardian of Theodore Kreimendahl, and that, therefore, the court had no jurisdiction to decree a sale of said real estate. But want of authority cannot be cured: Smith v. Wildman, 178

Pa. 245; Messinger v. Kinter, 4 Binn. 97; Snyder v. Snyder, 6 Binn. 482; Sager v. Mead, 164 Pa. 125.

In a case where a plaintiff recovered in ejectment, after an orphans' court sale that had been confirmed, the court said:

" Want of jurisdiction in the orphans' court is as fatal to its proceedings as to those of any other court: " Torrance v. Torrance, 53 Pa. 505.

The sale of the real estate in controversy was, of course, made under the provisions of the Act of April 18, 1853, P. L. 503, for there is no other act, except the Act of May 9, 1889, P. L. 182, authorizing the orphans' court to make a private. sale of the interest of a minor in real estate.

The necessity to have a sale confirmed arose under section 32 of the Act of March 29, 1832, P. L. 190.

It is well settled that an orphans' court sale does not divest the title of the heirs, until after confirmation thereof, and conveyance delivered under the order of the court: Greenough v. Small, 137 Pa. 132; Morgan's App., 110 Pa. 276; Demmy's App., 43 Pa. 155.

In Smith v. Wildman, supra, the court says:

" The rule applicable to all judicial sales, is caveat emptor as to the title acquired. It has been distinctly held that the rule applies to orphans' court sales, and that disappointment in the title is no ground for relief: " Bashore v. Whisler, 3 Watts, 490; Bickley v. Biddle, 33 Pa. 276; Vandever v. Baker, 13 Pa. 121.

The purchaser at an orphans' court sale is also bound to see that the proceedings are sufficiently regular to authorize the sale: Larimer v. Irwin, 4 Binn. 104.

OPINION BY BEAVER, J., May 24, 1900:

The only assigned error is the refusal of the defendant's point, " That the deed of W. L. Bird, guardian, to Anna Neuhauser, defendant, dated October 12, 1891, recorded in deed book, vol. 763, page 381, vested a good and valid title to the premises in dispute, and, under all the evidence in the case, the verdict should be for the defendant." The pleadings raise the issue, the facts being undisputed. The plaintiff filed his abstract of title, claiming under his father and a deceased, unmarried sister the undivided one-sixth part of land in the possession of defendant, for which the ejectment was brought.

Defendant filed her abstract of title, claiming the said undivided one-sixth part of the premises in her possession, by virtue of the petition of the guardian of the plaintiff, asking for, and the orphans' court decreeing, a private sale of the same as follows: " Order of court made, authorizing said sale at said prices ($850) to Anna Neuhauser, and directing said W. L. Bird to execute a good and sufficient deed for same to purchaser. Bond in $1,700, with sureties, to be given by guardian, condition for faithful execution of his trust and application of proceeds of sale." Plaintiff, in his replication, among other things denied " that the said alleged sale and deed referred to by defendant's abstract of title . . . . passed to or vested in the said defendant, Anna Neuhauser, any interest or title to the premises in dispute."

The defendant meets this by invoking the rule as to the conclusiveness, in a collateral proceeding, of the judgment of a court of competent jurisdiction. The rule is well and firmly established. One of our earlier cases declares that to it there is no exception. The orphans' court undoubtedly had jurisdiction of the subject-matter and properly decreed the sale subject to the conditions set forth in the decree. But where is the judgment upon which the defendant relies? If she can point to a final judgment of the orphans' court it would at once settle her title and the plaintiff's case. The decree of sale was not a final judgment. It was merely a step in the proceedings, and in a sense interlocutory. It left something to be done. It is incumbent upon the defendant to show that the terms of the decree were complied with. This she could have done in either of two ways. The sale and the deed being shown, she could have shown that a bond was in fact given in accordance with the terms of the decree, or she could have shown a final decree of confirmation which would have raised the legal presumption—conclusive so far as this case was concerned—that every step essential to the regularity and legality of the sale had been duly taken. We do not say that, in a proper case, where every condition upon which a private sale by a guardian has been decreed by the orphans' court has been complied with, such sale would not be held valid, but it is, for obvious reasons, much safer for the intending purchaser to see that the return of sale is properly made, so that the court or-

dering the same may judge of the manner in which the conditions of its decree have been complied with, and, by a judgment of final confirmation, furnish the evidence upon which a purchaser can rely, and for which the defendant here has looked in vain, to her hurt. The court below, in an opinion overruling the motion for a new trial printed in appellant's paperbook, fully comments upon the provisions of the several acts of assembly involved, and with the conclusions reached we are entirely satisfied. Upon the practically undisputed evidence in the case we think the judgment should be sustained.

Judgment affirmed.