## Thorp's Estate.

*Guardian and ward—Sale of ward's real estate—Irregular appointment of guardian.*

Where a minor's real estate has been sold under an order of the orphans' court by a guardian duly appointed, and the appointment of the guardian and the sale have been made without fraud, and the purchaser has made improvements upon the land exceeding in value the purchase price, the sale will not be set aside because the orphans' court had some years before appointed another person as guardian of the minor.

Argued May 11, 1914. Appeal, No. 137, April T., 1914, by Mrs. Charles A. Abrams, Guardian of George Thorp, a minor, from decree of O. C. Butler Co., June T., 1907, No. 5, refusing to set aside the confirmation of the sale of real estate In re Estate of George Thorp, a minor. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to set aside confirmation of sale of real estate.

GALBREATH, P. J., filed the following opinion:

By order of the orphans' court, bearing date February 19, 1904, Mrs. C. A. Abrams, secretary of the Children's Aid Society, was appointed guardian of George Thorp, a minor son of George Thorp and Jennie Thorp, deceased. The ward had no personal property, but was the owner of an undivided one-half interest, as

the petition set forth, of twenty acres of unproductive land situate in Clay township, Butler county. The petitioner was William M. Thorp, an uncle of said minor, who was at that time about ten years of age, and was in the Emergency Hospital at Butler, Pennsylvania, convalescing from an attack of typhoid fever. The guardian so appointed qualified by giving bond in the sum of $50.00 and taking the necessary oath. Some time afterward a home was obtained for the ward in Warren county where he remained for a few years and then left, since which time little has been known of his whereabouts. Subsequent to the death of her husband, Jennie Thorp, the mother of said ward, was married to Lewis Wigton. On March 4, 1907, after the death of the mother of said minor, Lewis Wigton, the stepfather, presented his petition to the orphans' court of Butler county asking for the appointment of a guardian for said George Thorp and for Lewis Wigton, Jr., a half-brother of said George Thorp, and son of the same mother after her marriage with Wigton. Upon said petition, the court on March 4, 1907, without it having been brought to its notice that a guardian of said George Thorp had previously been appointed, made the appointment of the Butler Savings and Trust Company, guardian of said minors. So far as the evidence shows, this latter petition was presented without any knowledge on the part of those concerned therein of the previous appointment of Mrs. C. A. Abrams as guardian of George Thorp. The said Butler Savings and Trust Company by seeming oversight, did not file a bond at the time of its appointment, but this omission we do not consider material in the matter now before us for the reason that being a trust company, its own bond would have been received and approved by the court and its liability remains the same with or without bond. Besides, its bond even now could be received and approved nunc pro tunc. On September 2, 1912, the Butler Savings and Trust Company presented

its petition to the orphans' court, setting forth that the minor, George Thorp, was the owner of thirty acres of land, more or less, in Clay township, Butler county; that said land is unproductive and out of repair and subject to two life estates, to wit, the life estate of Lewis Wigton in twenty acres of said land, as surviving husband of his deceased wife, and the life estate of William McConnell in ten acres of said land, he being the father of the deceased. This petition sets forth that it would be to the best interest and advantage of the minor that the land be sold and that a sale had been negotiated with Mrs. Nannie E. Thompson for the sum of $325 cash upon execution of a deed, subject, however, to the life estate of William McConnell and that $100 of said purchase money was to go to Lewis Wigton in consideration of his release of his life estate in said land. Upon the petition thus presented an order was made fixing a hearing thereon for September 28, 1912, and directing notice thereof to be given by publication and handbills, as required by law. On the day fixed for hearing, no one having appeared to oppose said sale and it appearing that notice was given thereof, the court made an order approving the bond of the guardian and confirming said sale. Pursuant to said order a deed was made for the interest of said minor in said land to the purchaser and the purchase money thereof was duly paid. On October 18, 1913, Mrs. C. A. Abrams, by her attorney, presented her petition as guardian of said George Thorp, setting out the fact of her appointment and asking that the appointment of said trust company, as guardian of said ward, be revoked, as well as the decree of the court confirming said sale of said land. On the same day a rule was granted by the court on said Butler Savings and Trust Company, as well as upon Mrs. Thompson, the purchaser of said land, to show cause why said appointment should not be revoked, as well as the decree of confirmation of said sale.

One of the reasons advanced why said sale should be

set aside was the allegation in said petition that the price paid for said land was much below its actual value, the other reason being that the appointment of said trust company, as guardian, was wholly void and its sale of said land a nullity.

On the hearing upon said rule, witnesses were produced who testified as to the value of the land and its character. From this testimony it is fairly deducible that the land is of poor quality, largely unproductive and with improvements of very little value, and we are not convinced as far as this feature of the case is concerned that the sale of this property was for less than its reasonable value at the time. It further appeared in evidence at said hearing that the purchaser, Mrs. Nannie E. Thompson, immediately after the confirmation of said sale, entered into possession of said land, together with her husband and that improvements were made thereon in an amount greater than the purchase money paid therefor. It further appears that said purchaser had no knowledge of the previous appointment of Mrs. Abrams as guardian of said ward or of any alleged defect in her title until said improvements were almost completed. It further appeared that little, if anything, has been known for several years, last past, of the said minor, George Thorp, and at said hearing it appeared, if not by evidence, then by statement of counsel that Mrs. C. A. Abrams, said guardian, is now and has been for some time past a resident of the state of California. The question therefore presents itself whether or not the court, under all the circumstances of the case, is either called upon or would be warranted in revoking its decree appointing said trust company as guardian of said minor, or of its subsequent decree confirming said sale.

In matters such as that now pending, the orphans' court is essentially a court of equity. It is clear, we think, that under the law the orphans' court has no jurisdiction to appoint a guardian where a testamentary

guardian has been appointed and has entered upon the duties of such appointment. This arises by virtue of the British statute, we are told, providing for the appointment of testamentary guardians and which by the force of its terms supersedes the claim of any other guardian. In our own state the same rule seems to prevail not only by way of inheritance from the law of England, but also because of its re-enactment as the law of our own commonwealth and even the orphans' court cannot make an appointment that will supersede such testamentary guardianship, and to this intent is the case of Robinson v. Zollinger, 9 Watts, 169; Sheetz's Estate, 6 Pa. Dist. Rep. 367, and Palumbo's Estate, 15 Pa. Dist. Rep. 188. We are not convinced, however, that the same rule applies with equal force where the original guardianship is by virtue of an appointment by the orphans' court. In case of a subsequent appointment, the appointing power is the same in character and in fact, and whilst as a general rule no second appointment would be made without the ouster of the first appointee, or his discharge or resignation, yet, we are not prepared to say that where a second appointment has been inadvertently made without any fraud on the part of those concerned therein and the second appointee has in good faith proceeded to sell, under the direction of said court, the real estate of the minor, and where the purchaser thereof in equal good faith has paid the purchase money, entered upon and improved the land, in such case we are not prepared to say that the decree of the court, either in the making of the appointment or in the confirmation of such sale, should be treated as an absolute nullity. In the case of Dull's Appeal, 108 Pa. 604, where one who was the administrator of a decedent's estate was also appointed guardian of a minor child and as such in partition proceedings had the land awarded to him, although his appointment, as such guardian, was absolutely prohibited by act of assembly, yet, upon a rule to set aside the decree awarding the real estate in partition to him,

as guardian, the court dismissed the petition, and that for the reason that no equity existed in the petitioner requiring the court to set aside the sale made in partition. In that case the appointment of the guardian was directly contrary to the provisions of an act of assembly. Again, in the case of Kramer v. Mugele, 153 Pa. 493, the same question was raised where it was sought to set aside the sale of the real estate of a minor by a guardian, who had previously been an executor of the estate out of which the minor's interest arose and who, without being discharged from the trust was appointed guardian of the minor and effected the sale sought to be set aside. In that case the court refused to set aside the sale, saying, "The real estate in controversy has been sold to a bona fide purchaser without notice of the irregularity. The orphans' court, having jurisdiction to appoint a guardian, he had a right to rely upon the record of such appointment, and was not bound to inquire whether the guardian had also been appointed as executor some fourteen years previously."

In the pending case, there is no allegation in the petition which has been filed, of any fraud on the part of the purchaser or of the trust company, as guardian, and in the absence of any allegation to that effect or proof thereof, and in view of the good faith which seems to have characterized the whole transaction, we think it is the duty of the orphans' court, acting as a court of equity, to discharge the pending rule, which is done accordingly.

*Error assigned* was the order of the court.

*H. H. Goucher*, with him *Calvin G. Christie*, for appellant.—Want of jurisdiction by reason of a failure to comply with the essential requirements of the statutes, cannot be cured: Messinger v. Kinter, 4 Binn. 97; Snyder v. Snyder, 6 Binn. 482; Torrance v. Torrance, 53 Pa. 505; Grier's Appeal, 101 Pa. 412; Sager v.

Meade, 164 Pa. 125; Smith v. Wildman, 178 Pa. 245–250; Farrar v. Denning, 11 Pa. Superior Ct. 62.

A second appointment of a guardian whilst the former one remains unrevoked, is void: Sheetz's Estate, 6 Pa. Dist. Rep. 367; Sheetz's Estate, 19 Pa. C. C. Rep. 583; Robinson v. Zollinger, 9 Watts, 169.

The rule of caveat emptor applies in all its force to purchasers at orphans' court sales: Smith v. Wildman, 178 Pa. 245.

When property has been attempted to be taken by a judicial proceeding which is void for want of jurisdiction neither the legislature nor judicial decree can validate it: Richards v. Rote, 68 Pa. 248; Halderman's Appeal, 104 Pa. 251; Halderman v. Young, 107 Pa. 324; Bennett v. Hayden, 145 Pa. 586; Krennendahl v. Neuhausser, 13 Pa. Superior Ct. 606.

Where an order, decree or judgment, has been wrongfully entered without notice to a party entitled to notice such party may demand its vacation, at least to the extent it affects his interests: Krug v. Keller, 8 Pa. Superior Ct. 78; Owen's Appeal, 78 Pa. 511; McKee v. McKee, 14 Pa. 231; Thompson v. Stilt, 56 Pa. 156; Com. v. Green, 4 Wharton, 530.

*W. Z. Murrin*, of *Murrin & Murrin*, with him *Brandon & Brandon*, for appellee.—The authorities cited by the appellant relate wholly to testamentary guardians: Robinson v. Zollinger, 9 Watts, 169; Sheetz's Estate, 6 Pa. Dist. Rep. 367; Palumbo's Estate, 15 Pa. Dist. Rep. 188.

The reasons given therefor do not apply to cases where the appointments are both made by the orphans' court. This appointment is made by the same power and stands on a different basis: Scott's Estate, 10 Pa. Dist. Rep. 213.

At most the appointment of the Butler Savings and Trust Company as guardian of the said minor child, was but an irregularity but not void: Kramer v. Mugele, 153 Pa. 493; Dull's App., 108 Pa. 604.

The decree was proper: Grindrod's Estate, 140 Pa. 161; Brock v. Pa. Steel Co., 203 Pa. 249; Simmond's Estate, 19 Pa. 439; Lockhart v. John, 7 Pa. 137; Potts v. Wright, 82 Pa. 498; Bower's App., 84 Pa. 311.

OPINION BY HENDERSON, J., July 15, 1914:

The opinion of the learned judge of the orphans' court justifies the action of the court in discharging the rule to set aside the confirmation of the private sale of the land of the minor. The sale was made under the Act of 1853, P. L. 503. There is no evidence of fraud in the procuring of the sale; the court has found that the consideration was adequate and that improvements have been made by the purchaser exceeding in value the price of the land. The authority to order a private sale cannot be questioned, and as the sale was confirmed by a decree of the orphans' court and made on the application of the guardian of the estate of the minor appointed by that court it is inequitable that an innocent purchaser acting on her faith in the integrity of the decree of the court should be subjected to the loss of her land by a contradictory decree of the same court. The appointment of a second guardian of the estate was made by the court in ignorance of the fact that some years before a guardian of the person and estate of the minor had been appointed, but bad faith is not attributed to the second appointee nor to the purchaser, and the sale was made on the petition of the acting guardian. Under such circumstances the decree of the orphans' court confirming the sale should be considered a conclusive adjudication of the title notwithstanding the irregularity of the appointment of a second guardian of the estate without a formal discharge of the guardian first appointed. We need not enlarge on the opinion of the court below.

The order is affirmed.